ISAAC NESBIT *et al*, *terre tenants* OF JAMES PRATHER, *vs.* ALEXANDER MANRO, USE OE GEORGE T. WARFIELD.— *December* 1840.

The county court may allow a *scire facias* to be amended, so as to conform to the instructions of the attorney, by whom it is ordered to be issued.

A *scire facias* is in the nature of a declaration, and should contain upon its face, such a statement of facts, as will justify the form in which the process issues, and the persons who are made parties to it.

Where the writ of *scire facias* stated, that the judgment upon which it issued, was rendered against two defendants, and proceeded upon that statement of facts, against the *terre tenants* of one only, without a suggestion of the death of the other, the parties proceeded against, may take advantage of the defect by general demurrer.

APPEAL from *Washington* County Court.

On the 19th March 1834, *Alexander Manro,* sued out a *scire facias*, reciting that he by judgment of said court in 1822, recovered against a certain *James Prather,* as well the sum of &c. as &c.; that execution still remained, &c., commanding the sheriff of said county to make known, &c., "unto the *terre*

tenant or *terre tenants* of all the lands and tenements in his bailiwick, whereof the said *James Prather*, on the 29th day of November 1822, or ever afterwards, was seized; that he, she or they, be and appear," at March term 1834, of said court, &c. This writ was returned, made known unto *Isaac Nesbit*, *G. Keefer*, and *W. H. Grimes and wife*, *terre tenants* of a certain piece or parcel of ground, lying in the town of *Clearspring*, lot No. 18, which was of the lands of *James Prather*, on, &c. These parties appeared, and after *oyer* of the *scire facias*, and return, pleaded, *nul tiel record* of the judgment against *James Prather*, recited in the writ of *scire facias*.

To the entry of which said plea the plaintiff objected, and prayed leave to amend the writ of *scire facias* aforesaid; thereupon the following rule was granted by the court:

"The above cause being reached in regular progress over the docket, the attornies for the defendants, offered to enter the plea of *nul tiel record*, which was objected to by the attornies for the plaintiff, and now the said plaintiff, by, &c., his attornies suggests to the court here, that on the 19th day of March 1834, *Daniel Weisel*, *Esq.*, the attorney for the plaintiff, called upon *Mr. William Smith*, who is the principal deputy clerk in the office of the clerk of *Washington* county, and to whom applications are ordinarily made, for the issuing of all writs of *scire facias*, and other process issuing from said court, and laid before him, the docket of November term 1822, and placed the same open before the said *William Smith*, at No. 112 trials; and directed him to issue a *scire facias* on that judgment, against the *terre tenants* of *James Prather generally*, and further suggests, that the *scire facias* in this case, was issued upon said judgment, distinguished as No. 112 trials, at November term 1822; but, that from inadvertence, misapprehension of the law, or from some mistake, the said deputy clerk, in issuing the *scire facias*, *omitted* to introduce into the said *scire facias*, the name of *Elie Prather*, in reciting said judgment, distinguished as No. 112 trials, at November term 1822, but recited the same as a judgment obtained against *James Prather*, instead of reciting the same as obtained against *James Prather*

and *Elie Prather.*" And the said plaintiff by his counsel, having produced said original docket before the court here, and also the said *scire facias*, and it appearing satisfactorily to the court here, that the said original judgment was rendered against *James Prather* and *Elie Prather*, and that the same is erroneously recited in the said *scire facias*, as rendered against *James Prather* alone; and it further appearing satisfactorily to the court here, by the affidavit of said *Daniel Weisel*, that he did on said 19th day of March 1834, place said original judgment contained in said docket of November term 1822, before said *William Smith*, so being such principal deputy clerk in the office of the clerk of *Washington* county court, and direct-- ed him to issue a *scire facias* on that judgment, against the *terre tenants* of *James Prather* generally, and being also satisfied by said affidavit, that said *William Smith*, is such principal deputy clerk, and the person to whom applications are usually and ordinarily made, for writs of *scire facias*, and other process issuing from the office of the clerk of *Washington* county court. It is thereupon on motion of the plaintiff, by *Daniel Weisel* and *William Schley* his attornies ruled, that the defendants shew cause by the first day of the next term, at the opening of the court, why the said plaintiff shall not be permitted to amend the *scire facias* aforesaid, by reciting said original judgment, according to the fact, so as to make the same conform to said record, in reciting the same as obtained against *James Prather* and *Elie Prather.*"

At November term 1836, the defendants showed cause against said rule, and insisted, that the *sci. fac.* was not amend-- able.

1st. Because the directions given by the attorney for the plaintiff to the deputy clerk, as set forth in the suggestion on which said rule was founded, were to issue a *scire facias* on the judgment as No 112 trials at November term 1822, against the *terre tenants* of *James Prather* generally, without naming, or giving any directions as to the *terre tenants* of *Elie Prather*, were erroneous directions by said attorney, the judgment on which the said *scire facias* was issued, being a *joint* judgment,

and the direction being to issue a *several scire facias* on said judgment, and the error was that of the party by his attorney, and was not the mere inadvertence, misapprehension of the law, nor mere mistake of the deputy clerk named in the said suggestion, as set forth in the said suggestion.

2nd. Because a *scire facias* is an original proceeding, the bringing of a new suit or action, and there is no titling, nor any writing filed with the clerk at the suing out of the said *scire facias*, by which the same may be amended.

3rd. Because the said *scire facias* if amended, as suggested by the plaintiff, would show error in this, that the proper *scire facias* had not been issued, as the said amended *scire facias;* would recite a joint judgment againt *James Prather* and *Elie Prather*, on which the same issued, when the said *scire facias* does not require the same to be made known, to the *terre tenants* of *James Prather* and *Elie Prather*, but to the *terre tenants* of *James Prather* alone, which said error is an error at law, and not amendable.

4th. Because the *scire facias* aforesaid, did not require it to be, and it was not made known to the defendants, that there was a joint judgment against *James Prather* and *Elie Prather*.

5th. Because the attornies for the said defendants, offered to enter the plea of *nul tiel record*, to the said *scire facias*, before the motion was made for the said rule, by the plaintiff, by his attornies, as appears by the suggestion aforesaid, and which said plea was rejected by court.

6th. Because the said judgment, if not revived by means of the said *scire facias*, against the said defendant, would not be good and pleadable, nor admitted in evidence, against these defendants, the said judgment being of more than twelve years standing, if these defendants availed themselves of a certain act of Assembly of the then province, now State of *Maryland*, made at a session of Assembly held at the city of *Annapolis*, the 26th day of April, in the year 1715, entitled, an act for limitation of certain actions for avoiding suits at law.

Upon consideration of the rule aforesaid, and the objections thereto, the county court authorised the plaintiff to amend his

*scire facias*, so as to recite a judgment against *J. & E. Prather*, and a command to serve it upon the *terre tenants* of both defendants. A new writ was inserted at length, and the record amended as prayed—tested the 23rd November 1836, and marked, issued as of that day, which dates however were corrected by consent of counsel in this court, to correspond with the dates of original writ.

To this amended writ, the defendants, *terre tenants* of *James Prather*, demurred generally, and the plaintiff joined in the demurrer. The county court awarded a *fiat* in conformity to the return to the original writ, and the *terre tenants* appealed to this court.

The cause was argued before Archer, Dorsey, and Chambers, J.

By TIDBALL for the appellants, who cited—2 *Sellon's Prac.* 456, 457. 2 *D. & E.* 45. 2 *Lord Rayd.* 1057. 2 *Tidd.* 1008. *Hawkins vs. Bowie*, 9 *G. & J.* 428. 1 *Salk.* 52. 2 *Tidd.* 1158. 2 *Saund.* 72, *page p.* *Act of* 1836, 219. 1 *Chitty Plea.* 8, 573.

WEISEL and W. SCHLEY for the appellees cited—1785 *ch.* 80, *sec.* 4. *Sellon's Prac.* 188. *Hazeldine's Adm'r. vs. Walker's Ex'r.* 1 *H. & J.* 487. 2 *Boss and Puller,* 275. 9 *East.* 316. *Arnott and Cooper vs. Nichols,* 1 *Harr. & John.* 471. *McElderry vs. Smith,* 2 *Harr. & John.* 75.

CHAMBERS, J., delivered the opinion of the court.

Whether the *scire facias* against a *terre tenant* be an original proceeding, or a continuation of a former proceeding, on which point there is some obscurity in the authorities, we think the amendment was properly allowed under the circumstances of this case, so as to make the writ conform to the directions of the attorney, whose instructions are satisfactorily proved.

We are of opinion however, that the judgment of the court below, is not warranted by the amended *scire facias*.

The *scire facias* is in the nature of a declaration, and it should

contain upon its face, such a statement of facts, as to justify the process in respect to the form in which it issues, and the persons who are made parties to it.

In this writ, there is not only a want of facts in the recital to justify the form in which the process issued, but the facts recited show, that other parties should have been made. It states, that a judgment had been recovered by the plaintiff, against two defendants, and that it remained unexecuted, and on the authority of this state of facts, proceeds against the *terre tenants* of one of those defendants, as the proper persons, against whom alone, to enforce the execution of the judgment.

No suggestion is made of the death of the original defendants, or either of them; and they must be presumed therefore to be in full life, and if alive, were necessary parties.

The principle upon which an original party to the judgment if living, or his representative after his death, is to be made a party to a *scire facias*, is not that of contribution, as amongst different *terre tenants*. Neither the original defendant or his heir, could claim contribution from *terre tenants;* but they are regarded as the persons most competent to know, and to prove the satisfaction of the judgment. We think the appellants might well demur to this *scire facias*, as manifestly insufficient on its face, to authorise the plaintiff to enforce his execution against them alone.

It is altogether unlike the case of a *terre tenant*, who is charged without naming other *terre tenants*, who ought to be made co-defendants. In such a case, the proceedings on their face, disclose the fact, that the defendant proceeded against is liable; but they do not show, that other persons are also liable, and the facts and circumstances upon which the obligation to share the liability is supposed to depend, must necessarily be brought to the notice of the court by plea; and this plea, must be in abatement, because it is not to discharge the defendant entirely, but only to lessen the amount of his responsibility.

No additional amendment could now be made to give to the writ a legal form; and in no event, could the appellee be enabled to recover in this case, if it were returned to the court

of *Washington* county, therefore we deem it unnecessary to order a procedendo.

JUDGMENT REVERSED, AND JUDGMENT FOR APPEL-
LANTS WITH COSTS.