# MARYLAND REPORTS.

THE STATE OF MARYLAND, at the instance and for the use of THOMAS S. NESBITT and BENJAMIN A. GARLINGER, Administrators of ISAAC NESBITT *vs.* WILLIAM LOGAN, JACOB MILLER, and others.

*Evidence—Nul tiel record—Change in the Form of Process—Renewals of Process—What constitutes the Record of a case—Amendment of the Docket entries—Pleading.*

An action was instituted on the 3d of December, 1859, on a sheriff's bond, and a writ of summons issued, which was returned " cannot be found; " the writ was renewed from term to term, until it was served upon four of the defendants who appeared, the other defendant having died. The parties continued the same in all the writs, and those issued subsequently to the first, differed from it only in stating the cause of action and the amount claimed, so as to conform to the requirements of section 84, Article 75 of the Code of Public General Laws. Upon an issue joined upon a rejoinder of *nul tiel record*, it was HELD :

1st. That the several writs of summons, together with the docket entries, were proper to be offered to the Court to prove the record of the cause, but were not admissible as evidence to the jury.

2d. That the mere change in the form of process, so as to make it conform to the requirements of the Code, did not have the effect either of putting

State, use of Nesbitt and Garlinger, Adm'rs, *vs.* Logan, *et al.*

an end to the suit, which had been instituted prior to the adoption of the Code, or of making it a new and different action.

3d. That after the adoption of the Code it became necessary that all renewals of process in cases then pending, should conform to its requirements.

The summons, returns, pleadings and all other proceedings in a cause, constitute the record, and are admissible, upon a plea of *nul tiel record*, to prove what has been done during the progress of the cause.

During the progress of a cause, the Court has control of its proceedings therein, and where mistakes or omissions occur in the docket entries, it has the right to correct and amend them.

A replication which asserts what is denied in the plea, in the very language of the plea, is bad.

APPEAL from the Circuit Court for Washington County.

This was a suit instituted on the 3d of December, 1859, by the appellant, upon the bond of William Logan, who was sheriff of Washington county from December, 1853, to December, 1855, to recover from the appellees the amount of fees claimed to be due to Isaac Nesbitt, as clerk of the Circuit Court for Washington county, and for which fee bills were alleged to have been placed in the hands of said sheriff for collection; who did not collect, account for and pay over the same to the said Isaac, but refused and neglected, whereby the condition of the said bond was not kept, but the same was broken, &c.   To the declaration the appellees filed seven pleas, the fifth, sixth and seventh being pleas of the Statute of Limitations.   The appellant joined issue on the first, second, third and fourth pleas, and replied to the fifth, sixth and seventh pleas, asserting in the very language of the pleas respectively, what was denied in the pleas; and in its fifth replication, replied specially to the said fifth, sixth and seventh pleas, setting forth that the action was brought on December 3d, 1859, with intent thereby to implead and declare against the defendants in said cause; that on said day a writ of summons issued against the defendants, and was returned by the

sheriff, " cannot be found;" and that afterwards successive renewed writs of summons to each succeeding term of the Court were issued in said cause, so as aforesaid brought, and directed to the sheriff of said county, and were by him returned " tardy," and that said cause was regularly carried forward, and to the several terms of the said Court intervening between the issuing of the first writ aforesaid, and the July Term, 1865, to which term a renewed writ of summons was issued on the 18th of July, 1865, which was duly served on the appellees, and that the bond bears date and was passed within five years next before this action was brought as aforesaid, and the issuing of the first writ aforesaid.

The appellees rejoined to the appellant's fifth replication:

First. That there is no such record of the writs of summons and returns, and other proceedings thereon, as alleged in said fifth replication.

Second. That the several writs of summons and returns thereon, and other proceedings in said fifth replication alleged, did not issue, or were not made and had, as in said replication hath been alleged.

The appellant joined issue on these rejoinders.

During the progress of the suit in June, 1865, Isaac Nesbitt died, and letters of administration were granted to Thomas S. Nesbitt and Benjamin A. Garlinger, who appeared and became parties to the proceedings.

*First Exception:* The plaintiff, to support the issues on its part joined, offered in evidence to the Court the several writs of summons, from that issued on the 3d of December, 1859, to that issued on the 18th of July, 1865, with the return of the sheriff endorsed on said writs respectively. The first writ of summons did not state the cause of action—the subsequent writs did. The Court was of opinion that said writs of summons did not constitute a sufficient record of proceedings under the pleadings to avoid the Statute of Limitations, and so ruled. To this ruling, the plaintiff excepted.

State, use of Nesbitt and Garlinger, Adm'rs, *vs.* Logan, *et al.*

*Second Exception:* The plaintiff then presented to the Court the docket entries of the case, from the 3d of December, 1859, until the 18th of July, 1865, and moved the Court that the entries on the appearance dockets of March Term, 1863, and to and inclusive of March Term, 1865, be so corrected, completed and brought up, as to conform to the real facts, as disclosed by the several writs of summons; but the Court refused the motion, and to this refusal, the plaintiff excepted.

*Third Exception:* The plaintiff then offered to the Court, upon the plea of *nul tiel record,* the several writs of summons mentioned in the first exception, in connection with the docket entries set out in the second exception; but the Court ruled that they did not constitute a record sufficient to avoid the plea of limitations, and to maintain the issue joined by the plaintiff to the plea of *nul tiel record,* and that they were not proper to be given in evidence to the jury. To this ruling, the plaintiff excepted.

*Fourth Exception:* The plaintiff then offered as evidence to the jury the several writs of summons and docket entries aforesaid; but the Court ruled that the same were inadmissible for any purpose disclosed by the pleadings and issues in the cause, and refused the offer. To this ruling, the plaintiff excepted.

The verdict and judgment being for the defendant, the plaintiff appealed.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON, MILLER, ALVEY and ROBINSON, J.

*A. K. Syester,* for the appellant.

The writs of summons were regularly renewed from term to term, until the defendants were taken, and the renewal, without any omission, kept the action alive, and prevented the bar of limitations. *Hazlehurst vs. Morris, et al.,* 28 Md., 75; 1 *Chitty's Plead.,* 583; *Beekman vs. Satterlee,* 5 *Cowen,* 519; *Harris vs. Woolford,* 6 *Term,* 617.

But without reference to the special matter set up in the fifth replication, the proffered evidences were admissible under the common or general replications to the plea of limitations. *Dickinson vs. Tague,* 1 *Exch.,* 241 ; *Beardmore vs. Rattenbury,* 5 *B. & Ad.,* 452, (7 *Eng. Com. Law ;*) *Williams vs. Roberts,* 1 *Exch.,* 676.

The evidences tendered, in the first exception, having been rejected, because the Court thought they were "not sufficient in themselves," to gratify the averments in the replication, the plaintiff presented to the Court the docket entries of this case, from the March Term, 1860, to which the first writ was returnable, to the July Term, 1865, when the effective writ was issued, and then moved the Court that certain omissions in particular entries, be supplied, so as to make the entries conform precisely with the real facts and truth, as disclosed by the writs of summons.

The object of the motion was simply, out of abundant caution, to supply whatever omissions in this regard, were apparent on the docket. The Court refused the motion.

It was believed in the Circuit Court, that the writs did not constitute a "*record,*" and that the record was something like the technical roll or record, as it is known in England. In Maryland, such a conception of a record does not prevail. Here the "record" is something to be ascertained by reference to original papers, processes of the Court, minutes of the Court, and docket entries. *Boteler vs. State,* 8 *G. & J.,* 381.

It was not only competent, and within the power of the Court, to direct that the docket entries should conform to the actual verities and truths of the case, but it was its duty to have done so.

The case was still open and undetermined. And the right and duty of the Court to direct that a conformity between the entries on the docket and the papers in the case, should be made on the docket, can scarcely be questioned.

The power of the Court to go beyond even docket entries, and correct misprisions even in original writs and papers, has

been well and repeatedly sustained. *Prather vs. Manro,* 11 *G. & J.,* 261; *Byrne vs. McPherson,* 12 *G. & J.,* 157; *Bank of U. S. vs. Lyles,* 10 *G. & J.,* 331; *McCoy vs. Boyle,* 10 *Md.,* 390.

After the Court had refused the evidence of the writs of summons as "not sufficient in themselves," and to allow the motion to amend the docket entries, the plaintiff then offered the writs and the docket entries together. But the Court rejected them.

The fifth replication alleged that the writs did issue; were returned by the sheriff, and that the cause was continued from term to term, &c.

The rejoinder says there was no "*such record*" of the writs, returns and other proceedings, as is alleged in the replication.

The second rejoinder denies that the *writs issued,* &c. But it was in reference to the view of the case enforced upon the Circuit Court from the first rejoinder, that these evidences were rejected. There was "no such record" in the opinion of the Court.

Under the issues joined, (which were the only proper and true ones,) no technical record or roll was necessary to be shown. The production of the writs gratified "all that the law required," on that part of the case. And if anything more were required, the docket entries, showing the regular and uninterrupted continuances of the case, gratified the spirit and very letter of the *replication.*

And further, the docket entries, no more than the writs, were required to be "*enrolled,*" in order to constitute them part of the "record," in the sense in which that term is understood and applied in Maryland.

*D. Weisel* and *George Schley,* for the appellees.

The several rulings of the Circuit Court were correct, and should be affirmed, because the record does not disclose such continuance of the original suit as the law, applicable in such cases, requires, to avoid the plea of the Statute of Limitations.

State, use of Nesbitt and Garlinger, Adm'rs, *vs.* Logan, *et al.*

*Code of Pub. Gen. Laws, Art.* 1, *sec.* 1, *and Art.* 18, *secs.* 1 *and* 16; *Bennington vs. Dinsmore, Adm'r of Dinsmore,* 2 *Gill,* 348, 354 *and* 355; *Smithstone,` &c. vs. Bower,* 3 *Term Rep.,* 662, *Buller's Opinion; Soulden, et al. vs. Van Rensselaer,* 3 *Wendell,* 372; *Livingston vs. Ostrander, et al.,* 9 *Wend.,* 306; *Hazlehurst vs. Morris, et al.,* 28 *Md.,* 75; *Newcomer vs. Keedy,* 9 *Gill,* 263.

GRASON, J., delivered the opinion of the Court.

The question presented by the first bill of exceptions is, whether the several writs of summons set out in this record, were admissible, upon an issue joined, upon a rejoinder of *nul tiel record,* to prove the record. It was contended by the counsel for the appellees, that the first summons issued in the cause, differed from all those subsequently issued in this, that, whereas the first did not state the cause of action sued on, all the others did; and that it did not therefore appear upon their face that they had all been issued in the same cause. It was also urged, that as the first summons issued under the Act of 1856, ch. 112, and the first section of the first Article of the Code, provided that all suits and actions, pending at the time of its adoption, should be proceeded with to final determination, and judgment entered therein, as if the Code had not been adopted, the summonses subsequently issued would also have conformed to the requirements of the Act of 1856, if they had been intended to be renewals of the first summons; but as they were in conformity with the provisions of the Code, they could not be considered renewals in the original cause. We do not concur in these views. The parties, plaintiff and defendants, are the same in all the summonses, and those, issued subsequently to the first, differed from it only in stating the cause of action and the amount claimed, so as to conform to the requirements of the 84th section of the 75th Article of the Code.

The 1st section of the 1st Article of the Code was intended to prevent suits and prosecutions, pending at the time

of the adoption of the Code, from abating or being put an end to by its adoption. The mere change in the form of process, so as to. make it conform to the requirements of the Code, would not have the effect either of putting an end to the suit, which had been instituted prior to the adoption of the Code, or of making it a new and different action. We think that it became necessary, after the adoption of the Code, that all renewals of process in cases then pending should conform to its requirements, and that a change in the form of the process in accordance therewith, furnishes no ground for the objection to its admissibility in evidence.

But it was also contended that the renewals of the writs of summons could only be proved by the *record* of the case, and that the renewals did not constitute such record. It is perfectly clear that all the proceedings in a cause, including the summons, returns, pleadings and all other proceedings, constitute the *record,* and are admissible to prove what has been done during the progress of the cause. *Boteler & Belt vs. The State, use of Chew,* 7 *G. & J.,* 381; *Phila., Wilm. and Balto. R. R. Co. vs. Howard,* 13 *Howard's Reps.,* 331. The issue to be tried was whether there was or not such a record as was alleged in the pleading; and all the proceedings which had been had in the cause up to that time, were admissible in evidence upon it, and if it appeared from an inspection of them by the Court that the first summons had been issued on the third day of December, 1859, and had been returned by the sheriff to the succeeding term, and that regular renewals had taken place to each succeeding term thereafter, then the issue must have been found for the plaintiff. *Hazlehurst vs. Morris,* 28 *Md.,* 75. The counsel for the appellees seem to have supposed that a *record* is nothing more nor less than a copy of the proceedings in a cause, certified under the hand of the clerk and the seal of the Court. But we have shown that all the proceedings in a cause constitute the record, and are admissible upon the plea of *nul tiel record.* A *transcript* of the record only becomes necessary when it is to be used in

State, use of Nesbitt and Garlinger, Adm'rs, *vs.* Logan, *et al.*

another Court than that in which the suit has been brought, and because the Court in which the proceedings have taken place will not part with the custody of its papers, and that the other Court may be certified of the verity of the proceedings. But a transcript is never necessary in the Court in which the suit is brought, but the original papers are used as evidence.

The plaintiff below also made a motion to amend the docket entries in the case, so as to make them conform to its real facts and proceedings, coupled with an offer of them as evidence when so amended. This was refused by the Court below, and its refusal forms the ground of the second exception.

It was contended by the counsel for the appellees that, after the expiration of a term, the docket entries could not be altered or amended. To this proposition we cannot give our assent. During the progress of a cause, a Court has control of its proceedings therein, and not only has the right, but it is its duty, to have the entries of the proceedings correctly made. The clerk is but the hand of the Court in making the entries, and where mistakes or omissions occur it is its duty to correct and amend them, so as to make them show what has actually been done in the cause. The 16th section of the 18th Article of the Code does not apply to any case which has not terminated by " trial, judgment, decree, agreement, *non pros,* or abatement," and, therefore, the proceedings in the case before us were not required to be entered by the clerk in a bound book, as it had not then terminated. Some of the docket entries set out in the record, are, upon their face, defective, and others were alleged to be so, and it was clearly within the power and duty of the Court below, upon discovering such defects, by an examination of the docket entries themselves, as well as the papers and proceedings in the cause, to so amend them as to make them show what had actually been done during the progress of the cause. *Prather vs. Manro,* 11 *G. & J.,* 261; *Byrne vs.*

*McPherson, Adm'r of Brien,* 12 *G. & J.,* 157. And it is the duty of the Court to correct clerical errors even in the original papers in a cause. *McCoy vs. Boyle,* 10 *Md.,* 392. The docket entries should have been amended, upon the motion of the plaintiff below, and would then have been admissible upon the issue then before the Court.

What we have already said upon the first and second exceptions applies with equal force to the third, which was taken to the ruling of the Court below, that the writs of summons and docket entries offered together, did not constitute a record of the case then before the Court. We have shown that the docket entries should have been amended, upon the motion of the plaintiff, and after such amendment it was not incumbent on the plaintiff to produce any other record than the proceedings and docket entries, for they constituted the only record which could have been produced.

The plaintiff then offered as evidence to *the jury* the writs of summons and docket entries, and they were objected to and ruled out by the Court, and this ruling forms the ground of the fourth exception. The second rejoinder of the defendant to the plaintiff's fifth replication was in substance a rejoinder of *nul tiel record,* and amounted, in fact, to the same thing as the first rejoinder, and therefore the proceedings and docket entries could be offered to the Court alone as the record of the cause, and were not admissible as evidence to the jury. There was therefore no error in the ruling of the Court below as contained in the fourth exception.

As no notice was taken in the rejoinder of the second, third and fourth replications, and as there was a difference of opinion between the counsel of the respective parties as to what course the counsel of the defendants below should have taken in regard to them, and as the cause will have to be remanded for a new trial, we deem it necessary to say that a replication, which asserts what is denied in the plea, in the very language of the plea, is bad. The plaintiff could have either joined issue upon the defendants' pleas of limitation,

and upon those issues given in evidence the record of the proceedings in the cause to show that the suit had been instituted in time, or he might have replied to all the pleas of limitation, as he did in his fifth replication, that being a proper and formal replication, in such case, to these pleas.

The judgment of the Court below will be reversed and a new trial awarded.

*Judgment reversed and*
*new trial awarded.*

(Decided 5th March, 1870.)