HENRY S. MAGRAW and EMILY H. MAGRAW, by their next friend JAMES M. MAGRAW *vs.* HOWARD MUNNIKHUYSEN.

*Appeal—Interlocutory order—Article* 75, *section* 69 *of the Code.*

Upon a *caveat* to a will certain issues were transmitted by the Orphans' Court to the Circuit Court for trial by jury. One of the issues presented the question, whether the alleged will was drawn in conformity with the instructions of the testatrix? It appeared that written instructions for the preparation of the will had been given by the testatrix, and were in the possession of the draftsman of the will or of his counsel. In this state of case, the caveators filed a petition in the Circuit Court, setting forth that the counsel of the draftsman declined to produce said instructions after due application had been made to them to do so. The petition stated that the instructions contained evidence pertinent to the issues in the case, and prayed that the draftsman might be required to produce a copy thereof, certified before a justice of the peace as provided in section 69 of Article 75 of the Code, and that the same might be filed in Court. An order was passed dismissing the petition. HELD:

That no appeal would lie from such order, it being merely interlocutory and not a final judgment concluding the rights of the parties in the cause.

Section 69 of Article 75 of the Code, does not apply to the case of issues sent from an Orphans' Court, upon a *caveat* to a will, to a Court of Law for trial.

APPEAL from the Circuit Court for Cecil County.

The cause was argued before BARTOL, C. J., STEWART, BRENT, GRASON and ALVEY, J.

*John P. Poe,* for the appellants.

*Henry W. Archer* and *Henry D. Farnandis,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

Upon a *caveat* filed by the appellants, in the Orphans' Court of Cecil county, against the final admission to probate of the alleged will of Emily W. Magraw, and the separate answers thereto of the appellees, the Orphans' Court transmitted certain issues to the Circuit Court for Cecil county for trial.

One of the issues presented the question, whether the alleged will was drawn in conformity with the instructions of Emily W. Magraw?

The proceedings show that the will was dated the 26th of October, 1869; that on or about the 2d of August, 1869, written instructions for the preparation of the will, were given by the testatrix to Howard Munnikhuysen, and are in his possession, or in that of his counsel.

In this state of case, the caveators filed in the Circuit Court, in the cause wherein the issues were pending, a petition, setting forth that the counsel of Munnikhuysen decline to produce the said written instructions, after due application had been made to them to do so.

The petition states that the said written instructions contain evidence pertinent to the issues in this case, and pray that Munnikhuysen may be required to produce a copy thereof, certified before a justice of the peace, as provided in section 69 of Article 75 of the Code, and that the same may be filed in Court.

The Circuit Court, after hearing the parties by their counsel, on the 27th day of September, 1871, passed an order refusing the prayer and dismissing the petition, and from that order the present appeal is taken.

A motion has been made to dismiss the appeal, on the ground that the order was merely interlocutory, and was not such a final judgment of the Court, settling the rights of the parties, as to form the subject of an appeal. In our opinion, the motion ought to prevail. The practice on this subject has been settled by numerous decisions. It was said in *Gittings vs. The State*, 33 *Md.*, 461, "that in actions at law no

Magraw *vs.* Munnikhuysen.

appeal can be prosecuted until a decision has been had in the Court below, which is so far final as to settle and conclude the rights of the party involved in the action, or to deny to him the means of further prosecuting or defending the suit, as otherwise, by repeated appeals, litigation might be protracted to an almost indefinite period. Hence no appeal lies from rulings upon motions or demurrers, or other merely interlocutory judgments or orders pronounced and passed in the progress of the cause to final judgment. All errors committed by the Court below in these rulings or judgments, if properly presented by exception, or in some other form, are open for review on appeal from that judgment."

On this subject we refer also to *Boteler vs. State,* 7 *G. & J.,* 109 ; *Hazlehurst vs. Morris,* 28 *Md.,* 71. Under this rule of practice, it seems to us very clear that no appeal lies from an order of the Circuit Court passed on a petition filed under the 69th section of the 75th Article of the Code. Such order being merely interlocutory and not a final judgment concluding the rights of the parties in the cause.

Although this appeal was taken prematurely, and must therefore be dismissed, we consider it proper to say, that if the appeal were regularly before us, we should have no hesitation in affirming the order passed by the Circuit Court, being of opinion that the 69th section, Article 75 of the Code has no application to a case of issues sent from an Orphans' Court to a Court of law for trial.

It is obvious from a consideration of the whole section, that a case of this kind does not come within its provisions. Although in some sense it falls within the general denomination of " an action at law," yet it is clear from the other provisions of the section, prescribing the time or term at which the motion or petition is to be made ; and the consequences which are to follow from a failure to comply with the Court's order ; that these provisions do not apply to the case of issues sent from an Orphans' Court upon a *caveat* to a will.

*Appeal dismissed.*