# WASHINGTON AND ROCKVILLE RAILWAY COMPANY OF MONTGOMERY COUNTY,

*vs.*

## NANCY JOHNSON.

*Corporations: suits against; service of writs; officers, who are—; attorneys generally not; effect of Acts of 1912, Chapter 424, Section 5.   Pleading: process; renewals; failure to serve; question of discontinuance.*

The attorney of a corporation is not an "officer" of the corporation, within the sense of the statute providing for service of writs upon corporations.                          p. 221

Section 5 of Chapter 424 of the Acts of 1912, providing for the service of writs upon the attorney of a corporation, relates only to cases of violations of the provisions of that Act, and confers no general authority on such an attorney to accept service as upon an officer of the corporation.           p. 221

In general, when the plaintiff leaves a break in the proceedings, as by not continuing the process regularly from day to day, or from term to term, as he ought to do, the suit is discontinued, and the defendant is no longer bound to attend.
                                              p. 222

But this rule should not be applied, where the plaintiff has a right to have a judicial determination as to whether or not he had succeeded in bringing the defendant into court, before ordering any writ.                          p. 224

*Decided December 16th, 1915.*

Writ of error to the Circuit Court for Montgomery County.
(PETER, J.)


The facts are stated in the opinion of the Court.


The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CON-
STABLE, JJ.


*Wm. H. Talbott* (with whom was *H. M. Talbott,* on the
brief), for the appellant.


*Arthur Peter* (with whom was *Julian W. Whiting,* on the
brief), for the appellee.


CONSTABLE, J., delivered the opinion of the Court.

This case was brought to this Court upon a writ of error
from the Circuit Court for Montgomery County by the Wash-
ington & Rockville Railway Company of Montgomery County,
plaintiff in error, against Nancy Johnson, defendant in er-
ror.

There are four regular trial terms held by the Circuit
Court for Montgomery County—January, March, June and
November, of which January and June are non-jury terms.
By the Act of 1894, Chapter 561, three intermediate return
days—the first Mondays in May, August and October—were
provided for in addition to the four return days existing pre-
viously on the first day of each term.  This Act provided
that all process was returnable to one of these return days
or to the first day of the next term, whichever should first
occur, unless otherwise ordered in writing by the plaintiff;
and on the return of the original writ not executed the same
could be renewed, returnable to the next return day or the
first day of the succeeding term, whichever should first occur.

If the defendant, excepting suits on contract, should be served with the writ and should fail to appear on the return day named therein, the Clerk of the Court was directed to enter his appearance on the following day, and place the case upon the trial docket and it stood for trial at the next succeeding term.

The action in this case was in tort for damages growing out of an alleged assault by one of the company's conductors, and was filed in the June term on the 4th day of June, 1913, and on the same day summons was issued for the defendant, returnable on the return day in August. On said return day the Sheriff returned the writ indorsed as: "Served on the Washington and Rockville Railway Company, a corporation, by serving on William H. Talbott, attorney, etc., this 4th day of June, 1913." On the day of said return William H. and Henry M. Talbott had their appearance entered specially to move to quash the return of the Sheriff. On the 21st of August the said attorneys, appearing specially for the purpose of the motion, filed, in writing, a motion to quash the said return, with the reasons therefor, the principal one being that the writ was not served upon a proper officer of the defendant, in that there was a director of the company residing in the State and in fact in Montgomery County. On the 10th day of November next, it being the first day of the November term, the plaintiff filed an order to renew the process; thereupon another writ of summons was issued to the Sheriff, and made returnable to the first day of the January term; and the same was returned endorsed as having been served upon a director of said corporation on the 11th day of November. On the 12th day of November the Court passed an order quashing the original return. On February 4th the same attorneys again appeared specially, and filed a motion to have the case marked discontinued, for the reason that the plaintiff had failed to have the writ, originally issued, renewed from term to term. This motion was overruled, and the defendant excepted; and on the same day

the same attorneys entered their appearance generally for
the defendant, expressly reserving any and all rights of the
defendant under the prior proceedings. The case was finally
tried, resulting in a verdict for the plaintiff; and after a
motion for a new trial had been overruled the defendant filed
his petition for a writ of error.

The first question which presents itself is, was the Court
below correct in quashing the return first made by the
Sheriff? By Section 5 of Chapter 424 of the Acts of As-
sembly, 1912, the defendant company was directed to appoint
an officer or attorney with full authority to accept service of
summons for the company. It is contended by the defendant
in error that, by virtue of this statute, the service upon the
attorney was a proper and valid service of her writ. We
can not agree with this contention for the reason that the en-
tire act is an attempt to regulate the fares to be charged by
the company; and in providing a penalty for a violation of its
provisions, makes provision as to the manner in which the
company may be served with a warrant. It is clear that the
only authority conferred upon the officer or attorney so des-
ignated was for acceptance of writs issued for violations of
that Act, and not a general authority.

The defendant being a domestic corporation, process against
it was governed by Section 87 of Article 23 of the Code. It
is therein provided that process against such a corporation
may be served on its president, director or other officer, and
if none resides in the State, it may be proceeded against by
attachment as a non-resident, or such process may be served
on any agent or other person in the service of the corpora-
tion. It has long been held that an attorney of a corporation
is not included in the word officer, and that a summons served
upon an attorney where the statute designates an officer is
not a good service: N. C. R. R. v. Rider, 45 Md. 24. By
the statute just referred to, before any agent or other person
in the service of the corporation could be served with process
for it, it was necessary that the first class mentioned therein

should have been exhausted, and this could not have been while any one of them resided within the State. But the fact was that a director did reside within the State, and, therefore, he was one within the first class upon whom service should have been made, before resorting to those in the second class. The Court was correct, therefore, in quashing the return.

The counsel for the corporation were extremely careful in preserving the rights of the company under their special appearance, and after the overruling of the motion to declare the suit discontinued.

Was, then, the suit discontinued by the failure of the defendant in error to have the writ renewed at the August return day? The plaintiff in error, in support of its contention that it was, relies upon the common law rule, that a suit is discontinued "when a plaintiff leaves a chasm in the proceedings, as by not continuing the process regularly from day to day or from time to time as he ought to do. The suit is thus discontinued, and the defendant is no longer bound to attend; but the plaintiff must begin again, by suing out a new original." *Evans' Practice* (2nd Ed.) 315. Or as it is stated in *Poe's Practice,* section 67: "If the writ of summons is returned not found, it should be renewed to the next succeeding term, and so on, without break, until the defendant is found and summoned. An omission to thus renew will operate as a discontinuance of the action; while on the other hand, the regular renewal of the writ from term to term, without intermission, will keep the suit alive, and prevent the running of the statute of limitations, where that defense had not accrued before the impetration of the first writ."

There can be no question raised against the existence of this rule: *Hazlehurst* v. *Morris,* 28 Md. 75; *State, use of Nesbitt,* v. *Logan,* 33 Md. 8; *Hagerstown Bank* v. *Thomas,* 35 Md. 518; although the tendency of modern decisions is to mitigate its severe rigor in the construction of discontinuances: *Encl. Pleading and Practice,* Vol. 6, page 927. All

the authorities agree that the rule was instituted to prevent parties from bringing suit and then lying by, maybe for years, and then bringing defendants into court to answer old claims, after witnesses had probably died or had forgotten the fact, and thus work injustice by being deprived of the defense of limitations, unless they could have availed of that at the time of the filing of the action. And there can be no doubt of the wisdom of a rule which makes a plaintiff use diligence in prosecuting a suit begun by him or otherwise compel a dismissal of it. And there are numerous cases where the courts have not hesitated to declare suits discontinued by reason of this lack of diligence. All the cases, however, which we have been able to find, in which the court has declared a suit discontinued have been on the return of *non est* or *tarde,* and none under a defective service. Nor have we found any decisions to that effect where there has been a return day other than that at the beginning of a regular term.

The theory advanced by the plaintiff in error is that these intermediate return days constitute terms, in so far as the return and renewal of process are concerned. That if the service of the writ was ineffectual to bring the defendants into court, that then on the return day of the writ it was necessary for the plaintiff to have the writ renewed, otherwise there would be a break or chasm in the proceeding which would work a discontinuance. It appears to us that although in the present case such a service was made as was defective, because not authorized, that yet it would be carrying this technical rule further than it or the reasons for its adoption would justify, in declaring a suit under the circumstances of this case to have been discontinued. The return was not that the party could not be found, but on the contrary that it had been summoned, and it could not be determined that in fact it had not been brought into court until the court had decided the question raised by the motion to quash. It is true the court could not get jurisdiction of the party by virtue

of the faulty service, any more than jurisdiction could be acquired upon a return of *non est;* but for a settlement of this question we are not concerned with the jurisdiction of the court over the parties, but whether a party has neglected to keep alive a suit duly commenced. If the return had been *non est* and there had been a failure to renew, then there would have been an indication on the part of the plaintiff, irrespective of any rule, to discontinue; but here the plain-- tiff had a right to have a judicial determination of whether or not he had succeeded in bringing the defendant in the court, before ordering any writ. To hold that a suit would be discontinued under the circumstances of this case would be to hold that upon a question being raised as to the suffi- ciency of a service the plaintiff would have to immediately order a new writ to issue, or take the risk of the writ being determined defective and thus have to institute new proceed- ings. We can not give such a construction to the rule, for we are of the opinion that the suit did not discontinue by reason of the failure to renew the summons at the inter- mediate return day. By the service of the writ issued on November 10th, the court acquired complete jurisdiction and the judgment recovered was accordingly a valid one.

*Writ of error quashed, with costs to the de- fendant in error.*