*156 Ornxuo.v or the Court, by
Judge Owsley.
THIS writ of error is prosecuted for the purpose of reversing a decree making perpetual an injunction which had been granted Coleman against a judgment recovered by Harper at law, on a note executed to him by Coleman for $¡60 50.
The bill of Coleman charges the note to have been giverAby him to Harper, in consideration of services *157 performed by .Hastia moulding, superintending and burning a kiln,'©f&fiotft, one hundred thousand bricks; and alleges,, that when^the note was givenp'Jie. was not awareof the^hnskilfdl and negligent manner in which the brick had been moulded and^burnt;, but that, shortly^Jfbáfter, h&discóvered that most of the bricks were totally worthless, neither well made nor..-|ufficieriily burnt, there not being more than about ten thousand outffifithe- one hundred thousand moulded, which were tht sfeo put info the wall oí a building he was about erect; in gig .The, bill also states, that ííarpér, though not' named in a contract made by Coleman with Woodson, for-moulding, burning and laying the brick for a house' which Coleman was about to erect, was nevertheless the partner of Woodson, in the undertaking, and tka| in pursuance of the contract made with Woodson for the work, Harper commenced moulding the brick, and did fljactu-ally superintend the work, until the bricks were itlL-made, put up, in a kiln and burnt, and that the upon which the judgment at law was obtained, Was given by Coleman on no other consideration than $at of ,the services of Harper in relation to the brick, which, *ife, Coleman, then- thought were skilfully-performed, Heft which he has since ascertained to have been negligently and inartificially done, so that he has sustained gr.c;atloss, not having obtained a sufficient quantity of biiekout of the kiln, fit for use, to compensate him for the service of his hands in attending on Harper whilst-engaged in the business of making and burning the brick.
Harper denies being the partner of Woodson in the contract with Coleman to make and burn the bride; but alleges that after the contract was concluded between thepi,he agreed to assist in moulding the brictefApon Coleman’s promising to pay him thirty doliere’"per month, and that he accordingly commenced moulding, affil’continued until he had accomplished the number of bricks desired to Be made; and after the bricks were made,-he, upon similar wages, continued to assist in pitting the bricks in á kiln, and finally aided in burn-ingr-them. He insists that he was neither the mSfier-taker of the work, nor the superintender of it, Tu'rther than to mould the bricks, and that he alleges he performed faithfully and in a workmanlike manner. . He alleges, that after the bricks were burnt, Colemajji#’X8- • *158 .cuted to him the note on which judgment at law was recovered, not, however, as a partner in the contract made with Woodson, but for his Services ás.a mere hireling by the month, and urges a dismissal of the bill, &c.
Whether or not Hafper was in fact a partner .-in the contract made by Woodson with (%1 emán, is certainly left in some obscurity, by,the evidence; but whetheror not, is a matter, we apprehend, of no great consequence in (he present contest. Considered in either light, the result would be equally unfavorable to Harper. If be be a partner, he ought, most indisputably, to be enjoined from the collection of the amount of his judgment at law; for, as an undertaker of the work for Coleman, he would, then be presumed to have agreed to perform the work ín a faithful and workmanlike manner, and so far from having done so, the proof is conclusive, that owing to the negligent and unskilful manner in which the bricks were moulded and burnt, Coleman, instead of* deriving any benefit, has actually sustained loss from* the work. But, admitting Harper not to have been a parjtner in the contract between Coleman and Wood-son, still the proof is clear, that the note was executed to him by Coleman for his services in superintending, moulding and burning the brick; and after having performed thatservice in so negligent and unskilful a manner, as to produce injury to Coleman, his employer, he cannot be entitled to any compensation in a court of conscience.
. But it is urged, that if Coleman is entitled to relief, it is in a court'of law, where damages might be given for the negligent and inartificial performance of the work, and.not in a court of equity. There might have been some force in the objection, if, from the evidence, Colean could be supposed to have derived any benefit from the labor performed by Harper; but, to the contrary, the proof is entirely satisfactory, that the benefit derived from the kiln of brick, is totally inadequate -fa compensate Coleman for the labor and materials fins nished by him in assisting Harper in making and burning the brick. Under such a state of facts, the consideration of the note must be considered as having entirely failed, and the judgment rendered on the note at law, properly relievable against in a court of equity. •
Decree affirmed with costs.