May Term, 1854.

Poe
v.
Decker.

---

## POE *v.* DECKER.

Personal property incumbered by liens to an amount exceeding its value, was sold under a representation of the seller that it was clear of incumbrances, and a judgment was obtained for the purchase-money. *Held*, that the collection of the judgment could be enjoined till the incumbrances were removed.

Tuesday, May 30.

ERROR to the *Huntington* Circuit Court.

PERKINS, J.—Bill in chancery for an injunction restrain-

ing the collection of a judgment at law. Injunction allowed.

The facts are, that one *Epps*, now deceased, sold to one *Shookman*, now deceased, the one undivided half of a canal boat, representing said boat, at the time, as clear of all incumbrance, taking *Shookman's* note for 110 dollars, the price of said half of the boat, and putting him into possession. *Epps* has sued on said note at law, and obtained judgment. It turns out that the boat was incumbered by liens to an amount beyond its value, upon some of which it has been attached. The Court below enjoined the collection of said judgment at law till said liens should be removed. The suit is continued between the administrators of the deceased parties.

*Buell* v. *Tate*, 7 Blackf. 55, was a suit upon a promissory note, given for a part of the purchase-money of certain real estate. An incumbrance upon the real estate, at the time of the giving of the note, was pleaded in bar. As there had been no eviction, nor payment of the incumbrance, the plea was held bad, and the judgment for the amount of the note affirmed; but the Court adds, that "though the defendant can not defend this action by simply showing the existence of the incumbrance, yet if it exceed in amount the stipulated price of the land, or that part of it still due from the defendant, he may resort to a Court of Equity for relief, and procure an injunction against the collection of the debt, until the mortgagor shall reduce the incumbrance to an amount not exceeding that of the purchase-money due." This case was recognized in *Oldfield* v. *Stevenson*, 1 Ind. R. 153.

It is implied in the above extract, that when the judgment-plaintiff has reduced the incumbrances to an amount not exceeding the judgment, the judgment-defendant may pay that sum on the incumbrances, and have the payment applied in satisfaction of the judgment.

We see no difference in principle between *Buell* v. *Tate*, *supra*, and the case now under consideration, and we regard the rule it lays down equally as applicable to one as the other. It is true, one of the cases related to real and

May Term,
1854.

the other to personal property; but the law authorized liens upon both in favor of persons not in possession, and the same equities seem to us to exist in the one case as in the other.

*Per Curiam.*—The decree is affirmed with costs.

*J. R. Slack,* for the plaintiff.

*J. R. Coffroth,* for the defendant.