## Roderick Dorsey Adm' of Daniel Bussard, vs. Horatio Hobbs.

In the case of an *unexecuted* contract, for the sale of real estate, the vendee is entitled to have that for which he contracts, before he can be compelled to pay, and if the vendor has *no title* at the time he agreed to convey, equity will enjoin him from proceeding at law upon the vendee's bond, for the purchase money.

Appeal from the equity side of the Circuit Court for Baltimore county.

The bill in this case was filed in Baltimore county court, by Daniel Bussard, the appellant's intestate, on the 22nd of March 1824, against the appellee, for an injunction to restrain proceedings at law, instituted by the defendant upon a single bill for $1150, given by the complainant to the defendant on the 16th of June 1816, and payable on the 1st of October following, for the purchase money of certain property which the defendant had agreed to sell and convey to the complainant. The facts of the case as made by the *bill* and *answer*, are sufficiently stated in the opinion of this court. The injunction was granted as prayed, and the answer of the defendant was filed on the 22nd of September 1825, praying for its dissolution.

No further proceedings were had in the case, until the 21st of February 1853, when the complainant's death was suggested, and the appellant, his administrator, was made complainant in his stead. The cause was then removed to the circuit court for Baltimore county, and by an order of that court, passed on the 1st of February 1856, the motion to dissolve the injunction, was set down for hearing on the 6th of that month. Upon the hearing of this motion, upon bill, answer and exhibits, the court, (Price, J.,) passed an order dissolving the injunction, except for the sum of $417.15, with interest, according to the judgment, and making it perpetual to that extent and for that sum. From this order the complainant appealed.

The cause was argued before Le Grand, C. J., Eccleston and Bartol, J.

*Jonathan Meredith* and *Joseph M. Palmer* for the appellant.

By the contract between the parties, the payment of the single bill and the conveyance of a *good title*, that is the legal estate in fee, clear of all incumbrances whatever, *(10 Johns.*, 266, *Jones vs. Gardner,)* were *concurrent* and *dependent* stipulations. *5 G. & J.*, 254, *Watchman & Brätt, vs. Crook.* 1 *Pet.*, 455, 464, *Bank of Columbia vs. Hagner.* 4 *Term Rep.*, 761, *Goodisson vs. Nunn.* 8 *Do.*, 207, *Glazebrook vs. Woodrow.* 11 *Johns.*, 526, *Judson vs. Wass.* 10 *Do.*, 266, *Jones vs. Gardner.* 5 *Do.*, 179, *West vs. Emmons.* 8 *Do.*, 257, *VanBenthuysen vs. Crapser.* Such covenants are to be construed from the intention of the parties, to be gathered from the instrument itself. One rule by which the intention of the parties is to be ascertained, is, that where the contract is to *convey on a day certain*, and the vendee is to pay on the *same day*, the covenants are *necessarily dependent.* Here the bill alleges, and the answer admits, that the payment and conveyance were both to be made on the 1st of October 1816.

But whether these stipulations are to be regarded as *dependent* or not, is not, in our opinion, very material to the case, because of the general principle of law, that in an *unexecuted* contract for the sale of lands, the vendee is entitled to receive a *good title*, before he can be called on to part with his purchase money. This it must be remembered is the case here. The bill seeks relief against an *executory* and not an *executed* contract. The principles which apply to the one case have no application to the other, and the failure to observe this distinction constitutes the error into which the court below has fallen. The distinction is broad and familiar, and must govern the decision of this case. While the contract is *executory*, the purchaser has a clear right to claim of the vendor a title, clear of defects and encumbrances, before he can be compelled to pay. *Rawle on Covenants for Titles*, 566, 605. 2 *Peere Wms.*, 201, *Marlow vs. Smith.* 2 *Ves. & Bea.*, 149, *Sloper vs. Fish.* 11 *Johns.*, 527, *Judson vs. Wass.* 1 *Mees. & Wels.*, 701, *Gray vs. Stanion.* 2 *Mees. & Wels.*, 244, *Duncan vs. Cafe.* 2 *Munf.*, 179, *Grantland vs. Wight,* and the same case in 5 *Munf.*, 295. 11 *G. & J.*, 489, *Ragan vs.*

Dorsey Adm'r of Bussard, *vs.* Hobbs.

*Gaither.* 5 *Gill*, 217, *Gurly vs. Hiteshue.* But finally, the case of *Buchanan vs. Lorman*, 3 *Gill*, 51, is in fact and principle precisely this case. In that case the contract was executory as here; the vendee had been let into possession as is claimed in this case, though not admitted; an action had been brought for the purchase money in a court of law, as here, and the contract was rescinded and the judgment restrained by a *perpetual injunction.* We refer with confidence to the reasoning of the court in that case, as decisive of this.

But it has been urged, that the purchaser had knowledge of the defect of title, and that taking possession was a *waiver* of all objections to the title. Suppose there was notice to the purchaser of this defect, how does that affect the contract of the vendor, to convey on the day specified? It was supposed by both parties, that he would, before that time, clothe himself with the legal title. In the case of *Duncan vs. Cafe*, 2 *Mees. & Wels.*, 244, there was knowledge of such defect at the time of sale, and yet the purchaser recovered back the purchase money. Possession taken, if such was the fact, (of which however there is no proof,) with the vendor's concurrence, cannot relieve him from the necessity of giving a good title. Putting in possession, which was part of the contract, was not the *whole* of it: it also stipulated for the conveyance of a good title on a day specified, and the *whole* was to be performed before the vendor can recover. Nor is this fact of possession, if it be a fact, a waiver of all objection to the title. Waiver is a question of fact, to be collected from the *intention* of the parties, and from all the facts and circumstances of the case. And where possession is taken with the concurrence of the vendor, it is no waiver, or evidence of waiver, of all objection to the title. 2 *Mees. & Wels.*, 244. 3 *Swanst.*, 160, *Burroughs vs. Oakley.* 1 *Pet.*, 464, *Bank of Columbia vs. Hagner.*

*Alexander H. Hobbs* for the appellee, argued the following points.

1st. That the appellee having received a bond of conveyance, was, on the 22nd of June 1816, possessed of an *equita-*

*ble interest* in the property in question, and that that *equitable interest* was a *valuable consideration,* for the single bill upon which suit was brought. 2 *Story's Eq., sec.* 790. 8 *G. & J.,* 35, *Miller vs. Allison.*

2nd. Possession is presumed where there is no averment to the contrary, and there is no such averment in this case. 1 *Bailey,* 219, *Carter vs. Carter.* 25 *Wend.,* 116, *Tallmadge vs. Wallis.*

3rd. Possession of the purchaser *alone* is a consideration. 17 *Wend.,* 188, *Lattin vs. Vail.* 2 *Parson on Contracts.,* 191, 192.

4th. A party *taking possession* of property, under a contract of warranty, *knowing* of a defect in the title thereof, is precluded from setting up such defect to defeat an action for the purchase money. *Rawle on Covenants for Title,* 527, 556. 15 *Ves.,* 594, *Fleetwood vs. Green.* 1 *Bailey,* 217, *Carter vs. Carter.*

5th. The equitable owner of land, has a title superior to the lien of a judgment creditor of subsequent date. 11 *G. & J.,* 326, *Moale vs. Buchanan.* 2 *H. & J.,* 64, *Hampson vs. Edelen.* 1 *Peere Wms.,* 277, *Finch vs. Earl of Winchelsea.*

6th. The mere fact of a sale under a *fi. fa.,* of a judgment creditor, is not an ouster nor equivalent to an ouster. 21 *Wend.,* 131, *Whitney vs. Lewis.* 25 *Do.,* 116, *Tallmadge vs. Wallis.*

7th. A vendee in *possession,* must be *evicted* before he can defeat an action for the purchase money, on the ground of the failure of consideration, and there is in this case no averment of eviction, 25 *Wend.,* 115. 5 *Cowen,* 196, *Miller vs. Watson.* 2 *Wheat.,* 13, *Greenleaf vs. Cook.* 1 *Greenlf's Rep.,* 352, *Lloyd vs. Jewell.*

8th. In case of suit for the purchase money, the *vendee being in possession,* the breach of warranty, in part, cannot be set up to defeat the action. For redress, the defendant must resort to his action at law, that is his *remedy,* 2 *Kent's Com.,* 471, 473, to 476. 25 *Wend.,* 116. 21 *Do.,* 135. 5 *Cowen,* 197. 2 *Greenlf. on Ev., sec.* 199. *Rawle on Covenants for Title,* 490 to 493, 504 to 509.

9th. Equity will not relieve a party *in possession*, in an action for the purchase money, where there is a *defect of title*, or an *outstanding incumbrance* and warranty; *eviction* at law is *indispensable*. *Rawle on Covenants for Title*, 519, 525. 1 *Johns. Ch. Rep.*, 218, *Bumpus vs. Platner*. 2 *Do.*, 521, *Abbott vs. Allen*. 5 *Conn.*, 528, *Barkhamsted vs. Case*. 3 *Monroe*, 273, *Hart vs. Bleight*.

10th. The vendee ought to have paid off the outstanding lien of $417, and deducted it from the purchase money; it was no additional burthen. 21 *Maine*, 150, *Wentworth vs. Goodwin*. 4 *H. & J.*, 525, *Ghiselin vs. Fergusson*. *Rawle on Covenants for Title*, 504. 2 *Parson's on Cont.*, 246, 247. *Sedgwick on Damages*, 474, 475.

11th. In an action for covenant on the warranty, the purchaser must aver and prove eviction, 10 *Wheat.*, 449, *Day vs. Chism*.

12th. The vendee not having performed or offered to perform his part of the contract, was not entitled to a specific performance thereof, and not being entitled to a specific performance he is not entitled to an *injunction*. 2 *Story's Eq.*, sec. 771. *Williard's Eq. Pl.*, 248, 291, 292. 2 *Wheat.*, 336, *Colson vs. Thompson*. 9 *Mod.*, 37, *Savage vs. Foster*. 4 *Gill*, 472, *Geiger vs. Green*. 5 *Do.*, 217, *Gurley vs. Hiteshue*.

Le Grand, C. J., delivered the opinion of this court.

The bill in this case was filed by the intestate of the appellant, to restrain proceedings at law by the appellee, to recover the amount of a note or single bill of Daniel Bussard, payable on the first day of October 1816. The facts of the case, as made by the bill and answer, may be thus stated: On the 16th day of June 1816, the appellee, Hobbs, agreed to sell to Bussard, for the sum of $1150, a house and lot of ground situate in Montgomery county, Bussard agreeing to pay therefor, the sum of $1150 on the first day of October thereafter, and Hobbs agreeing, by a written agreement under his hand and seal, to make to him "a good and lawful deed and title," and to put him in possession on the same day. Neither at the

time of the contract, nor on the first day of October 1816, nor since, has Hobbs been seized of the property agreed to be sold and conveyed. He had agreed to purchase it from the father of Daniel Bussard, the party who filed the bill in this case, but never paid for the same nor received a deed for it. On the contrary, Bussard, Sen., instituted a suit for a part of the purchase money, and recovered judgment to the amount of $417.15, in the year 1817. Under this judgment the property was sold by the sheriff to George Kover. The note of Bussard, the complainant, not being paid at its maturity, Hobbs brought suit on it in Baltimore county court, and, subsequently, obtained judgment thereon. It is asserted in the answer of Hobbs, to the bill of complaint, that at the time of the making of the contract, Bussard was well aware of the fact that Hobbs had no title to the property, and that he immediately thereafter entered into possession of the premises. There is no evidence of this latter fact.

In regard to such a case as this, it appears to us there ought to be no doubt on the mind of any one, as to what should be the decision on obvious principles of equity and common sense. It presents simply this question:—Whether a person may sell a thing to which he has no title, and recover the purchase money without transferring the title to the thing sold? It would seem that, the bare stating of the question is to resolve it in the negative. Without pedantically and uselessly wandering through the whole history of jurisprudence, we confine ourselves to the adjudications of our own State, wherein will be found a complete and full disposition of the case. The contract is an *unexecuted* one. In speaking of such an one, the court, in *Buchanan, et al., vs. Lorman, et al.,* 3 *Gill,* 77, hold the following language which is conclusive of this case, "*A vendee of an estate, in an unexecuted contract, is entitled to have that for which he contracts, before he can be compelled to part with the consideration he agreed to pay.* The ability of the vendor to convey should exist, when his duty, by the contract, arises to convey, or at the time of a decree for a conveyance, where time is not of the essence of the contract. And we conceive it to be equally clear, that a vendee is not

bound to take an estate fettered with incumbrances, by which he may be subjected to litigation to procure his title. *These principles are so obviously just, that they must be considered as resting at the foundation of every well regulated system of equity.*"

Almost any number of cases, both from the English and American authorities, might be adduced in support of the doctrine which we have taken from 3 *Gill*. We omit any notice of them, because the case to which we refer, is so apposite and conclusive as to dispense with any necessity for further citations. The two cases are identical in their leading and controlling facts and principles. We think the circuit court erred in not continuing the injunction to the whole claim, and shall accordingly reverse its decree, and pass one, continuing the injunction.

*Decree reversed and injunction continued.*

ECCLESTON, J., delivered a separate concurring opinion.

The *great lapse of time* since the granting of this injunction, without a motion, on the part of the appellee, to dissolve it, until very recently, has much influence with me in coming to the conclusion, that the decision below should be reversed, and the injunction continued.