(Decided April 1st, 1898).

---

WILLIAM T. TIERS *vs.* EDWARD J. CODD, Terre Tenant.

*Judgments—Scire Facias Against Terre Tenant—Parties.*

In a writ of *scire facias* on judgment against terre tenants, when the original defendant is dead, it is necessary that the personal representatives of the deceased defendant be made parties to the writ, and a demurrer lies to a writ issued against the terre tenants alone.

Appeal from a judgment of the Superior Court of Baltimore City.

The cause was argued before McSHERRY, C. J., BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD, JJ. (Jan. 18, 1898).

*Joseph P. Merryman* (with whom was *Ernest Hoen, Jr.*, on the brief), for the appellant.

*D. Meredith Reese*, for the appellee.

ROBERTS, J., delivered the opinion of the Court.

In a case in the Superior Court of Baltimore City entitled *William T. Tiers* v. *Henry C. Codd, Administrator of William H. Codd*, the appellant (plaintiff below) filed an order directing the Clerk of that Court to issue the writ of *scire facias* on the judgment in that case, against Henry J. Codd, only terre tenant of William H. Codd, to be levied on the property conveyed by him to Edward J. Codd; the order then gives a description of the property upon which the writ is to be levied. On the same day the writ was issued, and on the 18th of May, 1897, the appellee demurred to the writ, and on the 29th of May, 1897, the demurrer was sustained and the writ quashed. The record has been made up in compliance with the written order and direction of the appellant's attorney and is of a most imperfect character, without system · or regularity. The docket entries are in a profound state of confusion, the intricacies of which are most difficult to unravel. It will, however, not be necessary to do more than ascertain the state of the record and the condition of the judgment at the date when the writ of *scire facias* was issued. Without discussing in detail the docket entries ante-dating the 8th of March, 1897, when the judgment against Henry C. Codd, administrator of William H. Codd, was revived, it will be important to note the form of the judgment, which is as follows:

"Judgment that the plaintiff do recover his debt to be levied on the goods of the intestate, which shall hereafter come into the hands of the administrator." Shortly after

the entry of this judgment the appellant caused to be issued the writ of *scire facias* now under consideration here, which was made known to Edward J. Codd, only terre tenant of William H. Codd, but no service of the same was made upon Henry C. Codd, the administrator of said intestate, and who was entirely omitted as a party to said writ. From a careful examination of the record we are well satisfied that the demurrer interposed to this writ was properly sustained, for the following reasons :

1st. Because the writ was issued in the case of *William T. Tiers* v. *Henry C. Codd, Administrator of William H. Codd*, whereas, in fact, it should have issued in the case of the original judgment against William H. Codd.

2nd. Because where the original defendant in a judgment is dead and a *scire facias* is issued to revive the same, it may be issued against the administrator alone, and the judgment thereon can only bind assets, etc., but if it is desired to revive such judgment against the land of the deceased, it is irregular and not a justifiable practice to issue against the terre tenants alone, but they must be joined with the personal representative as defendants ; not for the same reason, however, that all terre tenants must be joined, but because the personal representative is the one best able to defend the suit. This Court in *Prather* v. *Manro*, 11 G. & J. 266, has said : "The principle upon which an original party to the judgment if living, or his representative after his death, is to be made a party to a *scire facias*, is not that of contribution, as amongst different terre tenants. Neither the original defendant or his heir could claim contribution from terre tenants ; but they are regarded as the persons most competent to know, and to prove the satisfaction of the judgment. We think the appellants might well demur to this *scire facias*, as manifestly insufficient on its face, to authorize the plaintiff to enforce his execution against them alone." To like effect are *Warfield* v. *Brewer*, 4 Gill, 265 ; *Bish* v. *Williar*, 59 Md. 382 ; *Bowie* v. *Neal and Luckett*, 41 Md. 134.

There are other questions in the record which have been discussed at the hearing in this Court, but what we have already said is all that is necessary to the determination of the merits of this controversy. Finding no error in the ruling of the Court below in sustaining the demurrer, we affirm the judgment.

*Judgment affirmed with costs.*

(Decided April 1st, 1898).