# EDWIN M. WILMER

## *vs.*

# MARGARET TRUMBO.

*Judgment*: *death of defendant; scire facias; new judgment.*
*Injunctions*: *papers to be filed; the reason not*
*existing, rule not applied.*

Where, after the death of the defendant, a *scire facias* to revive a judgment is issued against his personal representatives, the new judgment thus obtained binds only the decedent's assets.
p. 447

If the applicant for relief by way of injunction has in his possession, or can produce, authenticated copies of papers or instruments in writing on which his equity rests, they must be exhibited in support of the bill, so that the Court may see that he is entitled to the relief prayed.                    p. 448

Where the reason for a rule ceases to exist, the rule is not to be applied.                    p. 448

Through a mistake in identity, an order of *scire facias* to revive a judgment that had been rendered against a defendant since deceased, was served upon one, as his personal representative, who, while having the same name, was not the right person; *held,* that in such a case the party was entitled to equitable relief to prevent a sale of her goods under the writ, even though she had not taken the proper legal steps in the *scire facias* proceedings, except to show that she had no interest in them; in such a case a bill for an injunction should be granted, although it was not accompanied by exhibits of the judgment, order of *scire facias,* or the complainant's deed for the property which had been seized.                    p. 448

*Decided June 26th, 1913.*

Appeal from Circuit Court No. 2 of Baltimore City (GORTER, J.).

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER and STOCKBRIDGE. JJ.

*David Ash,* for the appellant.

*Alexander H. Robertson,* for the appellee.

URNER, J., delivered the opinion of the Court.

By the bill of complaint in this case the following facts are alleged: On April 30, 1900, the appellant, Edwin M. Wilmer, obtained a judgment for $43.98 against John J. Spellman before a justice of the peace of Baltimore City. The judgment debtor subsequently died. In 1912 a writ of *scire facias* was issued at the appellant's instance for the purpose of renewing the judgment. The writ was served upon the appellee, Margaret Trumbo, as the personal representative of the deceased debtor. She appeared before the justice of the peace who issued the writ and testified that she was not Spellman's personal representative and had no knowledge of his affairs; that he had a daughter by the name of Margaret Trumbo, but that she was then dead. This was the only testimony taken before the justice. The appellee was not indebted in any capacity to the appellant, and in view of the uncontradicted proof that she was not the personal representative of the judgment debtor she believed that so far as the was concerned the case was dismissed. A judgment, however, was, without her knowledge, entered in the case by the justice against Margaret Trumbo, personal representative of John J. Spellman, for $90.60, and it was placed on record in the office of the Clerk of the Superior Court of Baltimore City. In January, 1913, the appellee filed the bill now under review setting forth the facts just stated, and alleging further

that the appellant had caused a writ of *fieri facias* to be is-
sued on the judgment, and that in the execution of the writ
the Sheriff of Baltimore City had levied upon and was pro-
posing to sell certain lots of ground of which the appellee was
the owner. It was charged that the judgment was obtained
by fraud and that to subject the appellee's property to its
payment would be unconscionable. The bill prayed that the
execution be restrained by injunction. The appellant de-
murred to the bill and this appeal is from the order of the
Court below overruling the demurrer with leave to answer.

Upon the allegations of the bill, which are admitted to be
true for the purposes of the present inquiry, the appellee is
clearly entitled to equitable relief. The judgment sought to
be enforced is against Margaret Trumbo, personal representa-
tive of John J. Spellman, and it is conceded by the demurrer
that the appellee does not answer to that description. The
service of the writ of *scire facias* upon her was plainly due to
a mistake as to her identity. There was ample ground for
her belief, under the circumstances stated in the bill, that the
error having been proven without dispute no action could be
taken in the case by which she would be in any way affected.
It would be subjecting her to an unreasonably strict and rig-
orous rule to deny her the aid of a court of equity merely
because she failed to give further attention to a proceeding in
which she was formally shown to have no interest of any
kind and to appeal from a judgment by which, as she was
fully justified in believing, she could not possibly be bound.
Even if the appellee were in fact the executor or administra-
tor of the deceased debtor, the judgment could not be exe-
cuted as against her individual property. Where a *scire fa-
cias* to revive a judgment after the death of the defendant is
issued against his personal representative, the new judgment
thus obtained binds only the *decedent's* assets. *Tiers* v. *Codd,*
87 Md. 447; *Poe's Prac.,* sec. 593. The writ requires the
defendant in the *scire facias* "to show why the plaintiff should
not have execution of the debt or damages to be levied of the
goods and chattels which were of the testator or intestate at

the time of his death in the defendant's hands to be administered." *Tidd's Prac.* 1119; 2 *Harris' Entries*, 730. This limitation is altogether disregarded by the execution here sought to be restrained. It attempts to appropriate for the payment of the decedent's debts property which admittedly does not constitute part of his estate, but belongs to the appellee in her individual right and capacity. The prosecution of such a proceeding by the appellant, under the conditions described in the bill, would be a fraud and imposition which a court of equity could not hesitate to restrain.

It is objected that the bill is not accompanied by exhibits of the judgment, the writs of *scire facias* and execution, and appellee's deed for the property which has been seized. The rule is that if an applicant for relief by way of injunction "has in his possession or can produce authenticated copies of papers or instruments of writing on which his equity rests," they must be exhibited in support of the bill "in order that the Court may see that he is entitled to the relief prayed." *Nagengast v. Alz,* 93 Md. 525; *Water Co.* v. *Hagerstown,* 116 Md. 509; *Baltimore* v. *Keyser,* 72 Md. 115; *Gottschalk* v. *Stein,* 69 Md. 51. Where the reason thus stated for the production of exhibits does not exist the rule is not applied. *Webb* v. *Ridgely,* 38 Md. 369; *Didier* v. *Merryman,* 114 Md. 438. The appellee's equities do not *rest* upon the *scire facias* and execution proceedings, nor is there any question of title involved. The object of the suit is to prevent the appellant from enforcing a claim which *he* is asserting against property of which the appellee is the conceded owner. The exhibits demanded by the appellant are not necessary to enable the Court to see the obvious equities of the case stated in the bill.

*Order affirmed, with costs, and cause
remanded.*