# FRANK E. MICHAEL

## *vs.*

## WILLA E. RIGLER.

*Enforcement of Judgment—Injunction—Equitable Jurisdiction—Exhibits to Bill—Parties.*

On appeal from an order granting a preliminary injunction, the facts properly pleaded in the bill are to be assumed to be true.     p. 127

Where the holder of a note, given for the price of an automobile, destroyed the automobile, without the knowledge of the maker of the note, for the purpose of securing insurance thereon, an attachment issued on a judgment entered under a power of attorney contained in the note was properly enjoined, there being no defense to the judgment available at law. p. 132

That the title to the automobile was not to pass to the maker of the note until the note was paid was immaterial.     p. 136

Where the judgment defendant could not strike down the judgment itself by application to the court of law which gave it, *a fortiori* she could not set up in that court, as a defense to an attachment issued on the judgment, facts which would render it inequitable to enforce the judgment, but which did not exist when it was entered.     p. 132

Under Code, art. 16, sec. 84, the fact that the judgment defendant could have sued the plaintiff to recover damages for fraud did not preclude her from obtaining an injunction, on account of such fraud, against the enforcement of the judgment.     p. 133

The circuit court for one county may enjoin, in a proper case, an attachment proceeding on a judgment pending in the circuit court for another county.     p. 136

Where a bill was filed to enjoin an attachment on a judgment, entered under a power of attorney in a note given for

the price of an automobile, on the ground of the judgment plaintiff's wrongful destruction of the automobile, *held* that, in view of the facts stated in the bill, supported by affidavit, it was sufficient to file as exhibits certified copies of the note, *narr.*, agreement of sale, the docket entries and judgment in the case in which the judgment was entered, and also a certified copy of the attachment, sheriff's return, and docket entries in the attachment case.                              p. 137

To a proceeding to enjoin an attachment on a judgment for the price of an automobile, on the ground that the judgment plaintiff had destroyed the automobile for the purpose of collecting insurance taken out by him thereon, the insurance company was not a proper party, the judgment defendant not having had any contractual relation with the company.        p. 137

The general rule that co-defendants against whom a judgment is entered should join in a suit to restrain the collection of the judgment, is one of convenience and must yield where its rigid enforcement would be attended with inconvenience, and in cases of necessity.                          p. 138

Persons whose interests are hostile to those of plaintiff, against whom no relief is sought, and who cannot be adversely affected by the decree, are not necessary parties.        p. 138

In a proceeding to enjoin the enforcement of a judgment as against one of the judgment defendants, on the ground that the article for the price of which the judgment was entered, was wrongfully destroyed by the judgment plaintiff and another of the judgment defendants, the latter judgment defendant was not a necessary party.                          · p. 138

Nor was the wife of the latter judgment defendant a necessary party, although she herself was one of the judgment defendants, by reason of her signature as surety on the note on which the judgment was given.                          p. 139

*Decided January 9th, 1923.*

Appeal from the Circuit Court for Frederick County (WORTHINGTON, J.).

Bill by Willa E. Rigler against Frank E. Michael. From an order granting an injunction as prayed by plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, STOCKBRIDGE, and OFFUTT, JJ.

*J. F. R. Heagey* and *Arthur D. Willard,* with whom was *S. A. Lewis* on the brief, for the appellant.

*F. Neal Parke,* with whom were *James A. C. Bond* and *Edward O. Weant* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

The appeal in this case was taken from an order of the Circuit Court for Frederick County, granting a preliminary injunction enjoining the appellant from prosecuting an attachment proceeding instituted by him against the appellee in the Circuit Court for Carroll County on a judgment of that court, and the question which we are called upon to determine is whether the averments of the bill of complaint, considered in connection with the accompanying affidavit and exhibits, were sufficient to justify the court in passing that order. In dealing with that question we must assume that all the facts properly pleaded in the bill are true. *Chesapeake Brewing Co. v. Mt. Vernon Co.,* 107 Md. 528; *Shannon* v. *Wright,* 60 Md. 520.

In substance the facts set forth in the bill are as follows: Frank E. Michael, a resident of Frederick County, on October 25th, 1920, sold to Willa E. Rigler an automobile for $1,580, of which amount she paid $30 in cash, and for the balance of $1,550, she gave him a promissory note under seal executed by her, Harry T. Frizzell, and Helen M. Frizzell, which was in the following form:

$1550.00. Daysville, Md., October 25th, 1920.

"One day after date, we jointly and severally promise to pay Frank E. Michael, or order, fifteen hundred

and fifty dollars. Value received, with interest from date.

"And we hereby authorize and empower any attorney of any court of record in the State of Maryland or elsewhere to appear for us in our name before any court or justice of the peace in said State or elsewhere, and confess judgment against us for the amount due the holder of this note, with costs of suit, attorney's fee of five per cent. for collection if made on *fi. fa.*, release of all errors, and waiving all stay of execution and right of appeal. And we and each of us do hereby expressly waive the benefits of any and all exemption to which we may be entitled under the laws of the State of Maryland, so that all our property may be subject to satisfy the demands of this note or any judgment obtained thereon (and the above waiver is part of the consideration of this note).

"And it is hereby agreed that the automobile (Bell make) touring car No. 15337, engine No. 1423, model 432, 1920, for which this note is given, shall be and remain the property of the said Frank E. Michael until this note is paid in full. (I, Willa E. Rigler, do hereby sell, assign and transfer all my right, title and interest in the real estate and personal property of my late husband, George Rigler, as security herefor.)

"Willa E. Rigler.    (Seal)
"Harry T. Frizzell.    (Seal)
"Helen M. Frizzell.    (Seal)

"Due........
"P. O., Mt. Airy, Md., Route No. 4."

And to further secure him she assigned to Michael all her right, title and interest in the estate of her deceased husband.

Mrs. Rigler then took possession of the automobile and kept it until about October 25th, 1921, when Harry T. Frizzell, one of the makers of the note referred to above, acting at the direction and as the agent of Michael, drove the machine from her premises to a "lonely part of a public road" in Frederick County and there set fire to it and burned it for the purpose of

collecting the sum of $1,550 from the Peoples Fire Insurance Company of Frederick, from which Michael had procured a policy of fire insurance on the automobile for that amount to be issued to Mrs. Rigler but so endorsed that in case of loss the insurance would be paid to Michael, who kept the policy. Mrs. Rigler knew nothing of the issuance of this policy and never authorized or ratified it in any way.

On January 28, 1921, Michael caused a judgment by confession to be entered, under the power of attorney contained in their writing obligatory, against Willa A. Rigler, Harry T. Frizzell, and Helen M. Frizzell for $1,574, and on the same day he procured a writ of attachment on that judgment to issue out of that court, and on July 29th, 1921, that writ was laid in the hands of Jesse F. R. Heagy and Guy W. Steele, trustees.

George Rigler, the husband of the appellee, who had died some time before she purchased the automobile, left a small estate, made up of real and personal property. His personal property not being sufficient to pay his debts, his real estate was sold in an equity proceeding in the Circuit Court for Carroll County, in which Jesse F. R. Heagy and Guy W. Steele were appointed trustees to make the sale, and, in the distribution of the proceeds of that sale, $1,286.38 was allowed to Willa E. Rigler, the widow of the decedent, and it was that fund which was bound by the writ of attachment so laid in the hands of Messrs. Heagey and Steele, trustees, and except for this fund the appellee had no property of any kind.

After the destruction of the automobile the appellant attempted to collect the insurance thereon. The insurance company, however, refused to pay it, on the ground that the burning of the automobile was a fraudulent act procured by the appellant, and because it was a wrongful and fraudulent act no insurance can be collected for the loss of the automobile.

Notwithstanding the destruction of the automobile by his agent and at his direction, Michael continued to press the attachment proceeding. Heagy, who was the attorney who

confessed the judgment against Mrs. Rigler, was also one of the trustees in possession of the fund attached under an attachment issued on that judgment. The trustees were duly summoned, appeared, and confessed assets to the amount of $1,286.38, and in ordinary course judgment of condemnation according to the rules of the Circuit Court for Carroll County would have been entered for the condemnation of the assets so confessed at the February term of that court. Since the judgment was regular, the appellee contended that she had no legal defence to that action and no remedy at law adequate to relieve her from the consequence of the appellant's fraud and wrong. Upon these facts the appellee prayed for the following relief:

"1. That pending and until the determination of the matters and things alleged in this bill of complaint, the said defendant may be enjoined and restrained from the further prosecution of the attachment, and the proceedings thereunder, now pending in the Circuit Court for Carroll County as aforesaid; and

"2. That the said defendant, his attorneys, personal representatives and assigns, may be perpetually enjoined from proceeding with the said attachment issued in said Circuit Court for Carroll County as aforesaid, and laid in the hands of the said Jesse F. R. Heagey and Guy W. Steele, trustees in Cause No. 5257 Equity as aforesaid.

"3. That the said defendant, his attorneys, personal representatives and assigns, may be perpetually enjoined from proceeding to enforce, or enforcing, by execution, attachment or otherwise howsoever, the payment of the said judgment, or any part or portion thereof, against this complainant, her heirs, personal representatives and assigns.

"4. That your oratrix may have such other and further relief as her case may require."

On March 18th, 1922, Michael demurred to the whole bill, and this demurrer, which for the purposes of this appeal may

be regarded as an answer, sets forth the following objections to the bill: 1 and 4. Want of jurisdiction; 2. That the complainant had a complete and adequate remedy at law; 3. That the defendant had sufficient property to respond in damages for the alleged wrong; 5 and 10. That the facts set out in the bill are not sufficient to warrant relief in equity; 6. That it calls upon the defendant to answer criminal charges; 7. That it does not embrace the whole subject matter; 8. That it was barred by laches; 9. That there was a non-joinder; 11 and 12. That it was vague and in conflict with the exhibits; 13. That there was a failure to file proper exhibits; 14. That it was multifarious. And after filing the demurrer this appeal was taken.

Upon this record the only question before us is whether on the facts stated in the bill the court was warranted in passing the order appealed from.

Those facts briefly re-stated are, that Michael sold to Mrs. Rigler an automobile for $1,530 of which amount she paid $30 in cash and gave her note for the balance, in which note she agreed that until the note was paid the title to the machine should remain in Michael. Before the note was paid Michael through his agent, for his own fraudulent purposes, and without the knowledge or assent of Mrs. Rigler, destroyed the automobile which was the whole consideration for the note. Notwithstanding that action he attempted to collect from Mrs. Rigler, through an attachment issued on a judgment entered under a power of attorney contained in the note, the entire sum which Mrs. Rigler had in that note promised to pay. The appellant's contentions are: (1) That these facts are not sufficient to entitle the plaintiff to any relief in equity; (2) that she had an adequate remedy at law; (3) that the court was without jurisdiction because the Circuit Court for Carroll County in which the attachment proceeding was pending had exclusive jurisdiction of the subject matter of the bill; (4) that necessary exhibits were not filed with the bill, and (5) that the bill failed to join necessary parties to the suit. There

were other objections suggested but those we have stated include all that are entitled to serious consideration in this Court.

The first point, that the bill failed to state a case for equitable relief is so closely connected with the second proposition, that the appellee had an adequate remedy at law, that they will be considered together. If the complainant on the facts stated had a full, complete and adequate remedy at law, a court of equity would have no jurisdiction in the premises and could not intervene (*High on Injunctions,* sec. 175 ; 23 *Cyc.* 979 ; *Miller's Equity,* sec. 571), and the first step therefore in determining the court's jurisdiction will be to ascertain just what remedies at law the complainant had. It is not contended, and there is nothing in the record to show, that there was any defence against the judgment available to the appellee when it was entered. It was regular on its face and entered pursuant to the authority contained in an agreement, made by a competent person, not induced by fraud or covin, and unaffected by any element of surprise, mistake, or illegality. Nor is it suggested that there is any newly discovered evidence which could have been offered when that judgment was entered. Under such circumstances, there was no way or method by which a court of law could have affected the status or the validity of that judgment. *Poe's Practice,* sec. 388, *et seq.* Its purpose was to serve as collateral security for the payment of the balance due on the automobile and the appellee in her bill did not deny that for that purpose it was valid and proper. Her objection was not to the manner in which the judgment was entered, but to the use to which it was put after it was entered. If the appellee could not strike down the judgment itself by application to the court of law which gave it, *a fortiori* she cannot set up in that court, as a defence to the attachment issued on it, facts which would render it inequitable to enforce the judgment but which did not exist when it was entered. Otherwise the court which rendered it would hold that its own valid and perfect judg-

ment could not be enforced. We do not think, therefore, that the judgment or the attachment was open to a direct attack in the Circuit Court for Carroll County and that, so far as stopping the progress of the execution of the judgment for the reasons relied upon by her in this case, the appellee had no adequate legal remedy. Nor does the fact, if it be such, that she could have sued the appellant at law for the fraud charged, affect the jurisdiction of the court, in view of section 84, article 16, Code Pub. Gen. Laws of Maryland, which provides that "no court shall refuse to issue a mandamus or injunction on the mere ground that the party asking for the same has an adequate remedy in damages, unless the party against whom the same is asked shall show to the Court's satisfaction that he has property from which the damages can be made, or shall give a bond in a penalty to be fixed by the court, and with a surety or sureties approved by the court, to answer all damages and costs that he may be adjudged by any court of competent jurisdiction to pay to the party asking such mandamus or injunction by reason of his not doing the act or acts sought to be commanded, or by reason of his doing the act or acts sought to be enjoined, as the case may be," of which, by JUDGE BOYD, speaking for the Court in *Frederick County Bank* v. *Shafer*, 87 Md. 58, it was said: "The Legislature did not intend to authorize a *mandamus* or mandatory injunction to be issued to require the payment of a debt, but it only meant that a mandamus or injunction should not be refused merely because the complainant could sue and recover adequate damages for the act sought to be restrained or enforced. The statute was intended to reach the class of cases in which injunction or *mandamus* had been refused because the plaintiff could be compensated in damages in suits at law."

Assuming that the appellee was without any adequate legal remedy, upon the facts stated, is she entitled to relief in a court of equity?

It would be difficult to state in so many words a more brutal and conscienceless fraud than that alleged to have been

practiced by the appellant in this case upon the appellee, and it would indeed be a very serious reflection upon our system of jurisprudence if our courts were powerless to prevent the wrongdoer from using the very process of the courts themselves to consummate his fraudulent designs. But that is not the law. In 23 *Cyc.* 999 it is said, in speaking of the right of the judgment debtor to such relief: "Equity may relieve him against the judgment where the defence could not have been set up at law, where there are circumstances in the case amounting to fraud or deceit, or where the failure of consideration occurs or is discovered after the rendition of the judgment, always provided he has then no adequate remedy at law," and the same principle was recognized by this Court in *Buchanan et al.* v. *Lorman et al.*, 3 Gill, 51. In that case George Torrance sold to Eliza S. Buchanan one undivided fifth interest in Warren Factory for $30,000. Torrance executed a bond to convey the property and Elizabeth S. Buchanan executed a bond for the purchase money. Before the time for final conveyance arrived Torrance had lost title to the property and had himself made it impossible to convey the property which was the consideration for the bond given by Elizabeth S. Buchanan. Suit had in the meantime been brought on that bond and a judgment recovered. When the assignees of Torrance attempted to enforce that judgment, the heirs of Elizabeth S. Buchanan applied for an injunction to restrain its execution and in dealing with that question the Court said: "But in the case before us, long before the stipulated time for the completion of the payments of the purchase money, and more than three years before the vendee could have called for the conveyance of the title, the vendor had parted with his title, and was utterly unable to comply with his contract to convey the land. If we are correct in the above views, the consideration for the contract having wholly failed, Torrance, or his assignees, who stand in his stead, ought not to be allowed to recover the purchase money for the land sold, and as the judgment in the county court, sought to be stayed,

was obtained on the bond for the purchase money, the defendants ought to be perpetually enjoined from instituting any proceedings to enforce its payment." And the Court in *Dorsey* v. *Hobbs,* 10 Md. 417, in dealing with analogous facts, said: "In regard to such a case as this, it appears to us there ought to be no doubt on the mind of any one as to what should be the decision on obvious principles of equity and common sense. It presents simply this question: Whether a person may sell a thing to which he has no title, and recover the purchase money without transferring the title to the thing sold? It would seem that, the bare stating of the question is to resolve it in the negative. Without pedantically and uselessly wandering through the whole history of jurisprudence, we confine ourselves to the adjudications of our own State wherein will be found a complete and full disposition of the case." These principles have been repeatedly recognized and have been restated and approved in the more recent cases of *Disharoon* v. *Waters,* 114 Md. 460, and *Milliken* v. *Platt,* 115 Md. 487. See also *Wray's Admr.* v. *Furniss,* 27 Ala. 471; 30 *Cent. Dig.,* Title Judgments, sec. 786. While these cases relate to sales of real property, the reason for the decision in each of them was that it would be inequitable to permit a vendor to recover the purchase price of an article which he could neither grant nor convey, and that reason applies with the same force to sales of personal property as to sales of realty. And while in some states the granting of equitable relief is made to depend in such cases on the insolvency of the vendor, on the theory that if he is solvent the vendee can secure adequate relief in an action at law, for reasons already stated the fact that the vendor is solvent is not in this State a bar to equitable relief if the other elements essential to such relief are present.

In the case of *Poe* v. *Decker,* 5 Ind. 150, where a vendor sold a one-half interest in a boat free of incumbrances and gave a note for the purchase price, in a suit to enjoin the collection of a judgment obtained on the note, the court, in

speaking of the application of these principles to sales of per-
sonal property, said: "We see no difference in principle be-
tween *Buell* v. *Tate, supra* (1 Blackf. 55), and the case now
under consideration, and we regard the rule it lays down
equally as applicable to one as the other. It is true, one of
the cases related to real and the other to personal property;
but the law authorized liens upon both in favor of persons not
in possession, and the same equities seem to us to exist in the
one case as in the other." And to the same effect are the
cases of *Waters* v. *Mattingly,* 4 Ky. 244; *Harper* v. *Coleman,*
14 Ky. 156; *Scott* v. *Shreeve,* 12 Wheaton, 605; 32 *L. R. A.*
324.

Applying these principles to the facts of this case there can
be no doubt that the appellee was entitled to the relief prayed.

The title to the automobile never passed from Michael, nor
was it to pass until Mrs. Rigler paid the note. Before it was
paid he caused it to be taken from her possession and de-
stroyed for the purpose of defrauding the insurance company
of certain insurance money which it had undertaken to pay
in the event of its loss by fire, and by doing that he made it
impossible to deliver to Mrs. Rigler the thing she had bought
and for which she gave the writing obligatory upon which the
judgment rests. The appellant in his brief says: "If the
appellant took his own property as the record discloses, what
he did with it afterwards is a matter of no concern of the
appellee's," but we cannot agree with that somewhat arresting
proposition, for it can hardly be said that the forcible seizure
and destruction of a machine for the purchase of which the
appellee had given her note for $1,550 and $30 in cash was as
a matter of law no concern of the appellee's.

For the reasons set forth, the bill made out a case for
equitable relief.

The next proposition upon which the appellant relies is
that the Circuit Court for Frederick County was without
jurisdiction because, since the attachment proceeding on the
judgment was pending in the Circuit Court for Carroll Coun-

ty, that court had exclusive jurisdiction of the subject matter. That contention appears to be unsupported by any authority which has been brought to our attention, nor do we think any can be found, since the right of courts of equity to restrain proceedings in courts of law in a proper case has been recognized since the reign of Edward IV (1 *High on Injunctions,* sec. 112), and has, in the courts of this State at least, been uniformly recognized throughout its history.

The next objection is that the proper and necessary exhibits are not filed with the bill.

The complainant filed with her bill certified copies of the single bill, *narr,* agreement, docket entries and judgment in the case in which the original judgment was entered, and also a certified copy of the attachment, sheriff's return, and docket entries in the attachment case. These exhibits show the single bill, the conditional sale of the automobile, the judgment, the attachment, the fact that it was laid in the hands of Messrs. Heagey and Steele, trustees, and the further fact that they admitted assets to the amount of $1,286.38 1/3. Taken in connection with the facts *in pais* alleged in the bill and supported by affidavit, these exhibits were sufficient. The vital facts essential to the plaintiff's case were the sale of the automobile, the execution of the single bill, the tortious destruction of the automobile by the defendant, the judgment on the single bill and the defendant's attempt to collect it, and sufficient *prima facie* evidence of these facts was supplied by the exhibits referred to and the affidavit to the bill. *Wilmer* v. *Trumbo,* 121 Md. 445; *Havre de Grace* v. *Lewis,* 127 Md. 371; *Miller's Equity,* sec. 582.

It is also contended that the bill is defective because Helen M. Frizzell, Harry T. Frizzell and the Peoples Fire Insurance Company were not made parties to it. In respect to the Peoples Fire Insurance Company, it is not easy to see upon what theory it could have been made a party to this suit. It has no interest in the judgment or in the attachment proceeding, nor is it in any way charged with fraud, nor did it, if the

averments of the bill are true, have any contractual relations with the plaintiff, since she neither directly nor by implication procured or authorized the issuance of the policy of insurance on the automobile.

Nor do we think it was necessary to have joined Harry T. Frizzell and Helen M. Frizzell, his wife, as parties plaintiff. It is true the judgment was against them and the complainant jointly, and the general rule is that in such cases all co-defendants against whom a judgment is entered should join in a suit to restrain the collection of the judgment. 23 *Cyc.* 1035. The reason for that rule is that in such a proceeding all persons interested in the subject matter may be brought before the court, in order that all rights depending upon or arising from that source may be declared and all controversy concerning them fully and finally determined in one decree. *Miller's Equity Prac.*, secs. 19, 20, 21. That rule however is one of convenience and must yield where its rigid enforcement would be attended with inconvenience, and in cases of necessity (*Hammond* v. *Hammond*, 2 Bl. 347; *Watkins* v. *Worthington*, 2 Bl. 524), and obviously persons whose interests are hostile to those of the plaintiff, against whom no relief is sought, and who cannot be adversely affected by any decree entered therein, are not necessary parties. 21 *C. J.*, sec. 273.

Applying these principles to the facts before us, it would be futile and absurd to say that the complainant should have joined Harry T. Frizzell with her as a party plaintiff when he is the very instrument used by the defendant to aid in perpetrating the fraud of which she complains. Nor since she seeks no relief against him is there any reason why he should have been made a defendant.

But there is another reason why he was not a necessary party. The complainant in this case seeks to enjoin the enforcement of the judgment as against her because of the fraudulent destruction of the automobile, but obviously Frizzell, who participated in the fraud, could not ask relief on that

ground. This brings us to the case of Helen M. Frizzell. The judgment was against her and the complainant jointly, but under the peculiar circumstances of this case we do not think she was a necessary party. The complainant did not ask that the enforcement of the judgment be enjoined generally but only as against her, and if a decree granting that relief did have the effect of relieving Helen M. Frizzell also, on the ground that she was only a surety, the defendant could not have been affected by the failure to join her as a plaintiff, since under the facts of this case such a decree must necessarily rest not upon any fraud practiced in obtaining the joint judgment, but in the fraud perpetuated against the complainant by the destruction of her property, which was the consideration for the single bill upon which the judgment rested.

We are therefore, for the reasons stated, of the opinion the order appealed from was properly passed and should be affirmed.

*Order affirmed, with costs to the appellee.*