# EDWIN M. WILMER

## *vs.*

## FRANK WESTERMAN.

*Equity Procedure—Frivolous Demurrer.*

In a suit to restrain a levy of execution, under a judgment of *fiat* rendered in a *scire facias* proceeding against the personal representative of a deceased judgment debtor, upon the individual property of such representative, *held* that, defendant having previously been informed, by a decision of the Court of Appeals in a case to which he was a party, that such a judgment was enforcible only against the assets of the decedent, the court properly declared a demurrer to the bill frivolous and unfounded and, under General Equity Rule 18, ordered the bill to be taken *pro confesso* and the case to proceed *ex parte*.

*Decided November 14th, 1923.*

Appeal from the Circuit Court of Baltimore City (CARROLL T. BOND, J.).

Bill by Frank Westerman against Edwin M. Wilmer. From a decree for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*David Ash,* for the appellant.

*James T. O'Neill* and *Julian S. Jones,* for the appellee.

URNER, J., delivered the opinion of the Court.

In effect the bill of complaint in this case alleges that the defendant obtained a magistrate's judgment against Francis H. Westerman, who subsequently died without leaving any estate; that the defendant caused the writ of *scire facias* to be issued on the judgment, and, without notice to the plaintiff, a judgment of *fiat* was entered against him, as the personal representative of the deceased judgment debtor, for the sum of $77.08; that the defendant threatened to have execution issued on the judgment and levied on the plaintiff's individual property; that the plaintiff is not indebted in any capacity to the defendant, and the effort to enforce the judgment against him personally is a fraud which he is entitled to have prevented by injunction.

Instead of meeting by answer the simple and specific allegation of the bill that the deceased judgment debtor left no assets and that a wrongful effort to enforce it against the plaintiff's property was impending, the defendant filed a demurrer, which the court below, in the order overruling it, declared to be frivolous and unfounded, and intended for vexation and delay. Consequently, under General Equity Rule 18, the court ordered that the bill be taken *pro confesso* and the case proceed *ex parte*. A petition to strike out this order was filed, but after a hearing, at which the demurrer also was argued, the petition was dismissed. There was a second decree *pro confesso*, passed because of the defendant's failure to enter an appearance in obedience to the writ of summons. Testimony was taken *ex parte* in pursuance of that decree. It proved that Francis H. Westerman, who was the plaintiff's father, and against whom the original judgment was obtained, died in 1907 without leaving property of any kind; that in 1912, as the plaintiff afterwards learned, the judgment of *fiat* mentioned in the bill was rendered against him as his father's personal representative; that he was never summoned in the *scire facias* proceeding in which the judgment against him was entered; and that the defend-

ant had endeavored to secure payment of the judgment by the plaintiff under threat of an execution.

The final decree enjoined the defendant from proceeding to enforce, against the plaintiff, the judgment in question, and declared it to be a nullity. The appeal disputes the propriety of the decree and of the orders by which it was preceded.

In a former case to which the present appellant was a party (*Wilmer* v. *Trumbo,* 121 Md. 445), we stated and applied the rule that a judgment in a *scire facias* proceeding against the personal representative of a deceased judgment debtor is enforcible only against the assets of the decedent. This limitation, we said, was altogether disregarded by the execution which the appellant had caused to be issued. It was described as an attempt to appropriate, for the payment of a decedent's debts, property which admittedly formed no part of his estate, but belonged to the appellee individually. The "prosecution of such a proceeding by the appellant, under the conditions described in the bill," which was considered on demurrer, would, it was held "be a fraud and imposition which a court of equity could not hesitate to restrain."

The judgment which was proposed to be enforced by execution against the individual property of the plaintiff in this case was entered against him as "the personal representative of Francis H. Westerman, deceased." Even if it were conceded to have been rendered after due service of process, it would not be collectible out of property which did not belong to the decedent but was held by the appellee in his own right. The primary purpose of the bill of complaint was to protect the appellee from personal liability on a judgment which purports to be chargeable against him only in a representative capacity. His right to such protection is clear, and the appellant received such definite information to that effect on his former appeal, to which we have referred, that his action in demurring to the bill might reasonably have been regarded as within the purview of General Equity Rule 18,

which provides, in part, that "if the court or judge hearing
the demurrer shall declare in writing on overruling the
demurrer that he is satisfied that the same was intended for
vexation, or delay, or is frivolous, or unfounded, the bill
shall be taken *pro confesso* as against the party filing the
demurrer, and the matter thereof proceeded in and decreed
accordingly, as provided in these rules with respect to de-
fendants in default."

The demurrer was filed and argued by the appellant in
person.    There was ample opportunity for him to meet the
issue on the merits.    But he preferred to resist the bill on
technical grounds which were plainly insufficient.    There is
nothing in the record to justify the conclusion that the
authority conferred by the rule we have quoted was not
properly exercised in this case, or that the decree should be
disturbed.

*Decree affirmed, with costs.*