## W. A. BAUNE v. MARYLAND CASUALTY COMPANY.[1]

October 15, 1926.

No. 25,689.

**When district court has jurisdiction to restrain enforcement of judgment in another district court.**

A district court has jurisdiction to try an action which seeks to restrain the enforcement of a debt, evidenced by a judgment in another district court of the state, by execution when the debt has been satisfied or when the plaintiff has ceased to be liable upon the judgment.

Courts 15 C. J. p. 1143 n. 49.

Action in the district court for St. Louis county to enjoin defendant from enforcing its claim against plaintiff by execution upon a judgment. Defendant appealed from an order, Kenny, J., enjoining defendant during the pendency of the action. Affirmed.

*Barrows & Metcalf*, for appellant.

*George H. Spear* and *James E. Gardner*, for respondent.

WILSON, C. J.

Plaintiff bought timber from the state. Defendant signed the usual bond. Before cutting any of the timber plaintiff sold and assigned his rights to one Stenbeck. Defendant consented and agreed to remain bound unto the state for the faithful performance of the contract in all respects the same as if the contract had been originally made with the assignee. Plaintiff remained liable to the state. Stenbeck cut the timber and defaulted in payment. The state sued plaintiff, Stenbeck and defendant in Ramsey county and procured a judgment for about $3,196.02. Defendant's liability extended only to about $2,178. Plaintiff paid the state $1,018.02 which was the amount of judgment above defendant's liability. Defendant paid the state $2,178, and took an assignment of the judgment

[1]Reported in 210 N. W. 396.

and now threatens to collect from plaintiff. The complaint alleges that plaintiff does not in law owe defendant, and that when defendant paid the state the judgment was satisfied.

The prayer of the complaint seeks to enjoin defendant from enforcing its claim against plaintiff by execution under the judgment. The appeal is from an order so enjoining defendant during the pendency of the action. Defendant made a special appearance in the lower court and attacked its jurisdiction.

The sole question here is as to jurisdiction. Appellant invokes the rule that where a court has acquired jurisdiction of a subject-matter it must be allowed to proceed to a final determination without interference by another court of concurrent jurisdiction. Dun. Dig. $ 2350; Maclean v. Speed, 52 Mich. 257, 18 N. W. 396; Jacobs v. Fouse, 23 Minn. 51, 54; Freick v. Hinkly, 122 Minn. 24, 27, 144 N. W. 1096, 46 L. R. A. (N. S.) 695. The action in Ramsey county was reduced to judgment. This action does not attack that judgment. The controversy between the parties hereto as disclosed by the complaint was neither involved nor litigated in the prior action. The subject-matter of this suit is to compel defendant to desist from doing an alleged illegal act. Plaintiff seeks a judgment which will operate only in personam. Such is the exclusive operation of the temporary restraining order. The action seeks to stay an alleged wrongful and inequitable exercise of power under what may possibly be an unquestioned execution. Doubtless in a proper action the court in Ramsey county could have given the redress sought. But that does not mean that another court could not. The gist of the action is to enjoin defendant from enforcing a debt evidenced by the Ramsey county judgment which plaintiff says: First, has been satisfied; and, second, that it never constituted a debt from plaintiff to defendant. Under such circumstances we hold that the lower court had jurisdiction and that defendant's motion to dismiss was properly denied. 15 C. J. p. 1143, § 598; Irwin v. Beggs, 24 Colo. App. 158, 132 Pac. 385; Zimmerman v. Makepeace, 152 Ind. 199, 52 N. E. 992; Ohio Colo. M. & M. Co. v. Wiley, 18 Colo. App. 311, 71 Pac. 1001; Crawford v. Thurmond, 3 Leigh (Va.) 85; Michael v. Rigler, 142 Md. 125, 120 Atl. 382; Ashcraft v. Knoblock, 146 Ind. 169,

45 N. E. 69; Gondran v. Nelson Co-op. Assn. 152 La. 609, 93 South. 918; Kruegel v. Rawlins (Tex. Civ. App.) 121 S. W. 216.

The order from which the appeal was taken is affirmed.