MARION A. FIGINSKI ET AL. v. FRANCES MODRAK.

*Bill in Equity—Multifariousness—Averments of Fraud—Procurement of Deed.*

A bill to set aside for fraud a conveyance by plaintiff to one defendant, a conveyance by the latter to two other defendants, and a mortgage by the latter defendants to a building association, for which association the defendant first referred to was attorney, was not multifarious, the conveyances and mortgages appearing from the allegations to be all a part of a single scheme or design, in which the association's attorney participated, and the association's rights depending on the title of the other defendants.                                        pp. 143-145

A bill is multifarious only when the case of each defendant is entirely distinct from that of the other defendants, and all the parties need not have an interest in all the matters contained in the bill, it being sufficient that each party has an interest in some material matters in the suit and that they are connected with others.                                        pp. 144, 145

Under General Equity Rule 30, in order to escape the objection of multifariousness, it is only necessary that sufficient grounds appear for joining several causes of action or parties

plaintiff or defendant to justify the inference that the joinder will promote the convenient administration of justice.    p. 145

Where fraud is relied on as a cause of action or defense, facts sufficient to justify the inference that it exists must be definitely and specifically stated, but it is not necessary to state the evidence by which those facts are to be established.    p. 145

Averments that plaintiff, an ignorant foreigner, seventy-five years old, was by two of defendants, supposed friends, made intoxicated and induced to make a deed of her property to another, who thereafter conveyed it to the defendants first referred to, who in turn made to a fourth defendant a mortgage, to which plaintiff's name was signed by what purported to be her mark, though she knew nothing of it, that she received no consideration for her deed, though she was told that its effect was to secure her a home, and that after the execution of these instruments the two defendants first referred to occupied the property without paying her any rent, were sufficient to justify the inference that the deeds and mortgage were fraudulent.

pp. 145-147

*Decided June 11th, 1926.*

Appeal from the Circuit Court of Baltimore City (SOLTER, J.).

Bill by Frances Modrak against Marion Figinski and others. From a decree for plaintiff, defendants appeal. Affirmed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and WALSH, JJ.

*J. Calvin Carney,* with whom was *Marion A. Figinski* on the brief, for the appellants.

*Bernard H. Conn,* submitting on brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

Frances Modrak is an illiterate Polish woman seventy-five years old, who is unable to understand the English language.

She owned, subject to a ground rent of $31.25, a house and lot in Baltimore City, which was her only source of income. Francizka Franckowiak, one of the appellants, with whom she appears to have been on terms of intimacy and friendship, is her god-child. Prior to this suit she was induced to loan Francizka Franckowiak and her husband $800, of which they repaid, about two years before this suit, $200. They failed to pay any interest on the loan, but when requested to do so promised to live with the appellee and make their home with her. In December, 1924, Francizka and her husband visited the appellee, and to quote from the bill, "and acting unusually friendly and solicitous to her, induced her to drink some intoxicating beverage and to go to a saloon the location of which she does not recall, and there persuaded your oratrix to drink more intoxicating beverage; that while there, the said defendants procured the execution by your oratrix of a certain paper writing," by which she assigned to one Marion A. Figinski the leasehold property to which we have referred. On December 30th, 1924, Figinski reconveyed the property to the appellee for her life with remainder over to Francizka and Frank Franckowiak in fee, and on the same day they executed a mortgage thereon to the Polish American Building Association for five hundred dollars. Although what purports to be the appellee's cross mark is signed to this mortgage, she knew nothing of it until her attention was called to it after it was executed. Figinski, to whom she first conveyed the property, was the attorney for the building association named in that mortgage. On July 25th, 1925, the appellee filed the bill in this case against Figinski, the Franckowiaks, and the building association, to procure the annulment of the assignments from her to Figinski and from him to her and the Franckowiaks, and of the mortgage to the Polish American Building Association. That bill, in addition to what has been stated, alleged that when the assignment to Figinski was made "your oratrix was at that time and still is illiterate, and did not understand the nature and effect of the said pretended conveyance, and that she had no intention or desire to convey the aforesaid property, as the assignment

marked 'Plaintiff's Exhibit No. 2' purports to do or to convey it in any other manner" and that she "at the time of the execution of the said paper writing, expressed her desire to have some one to consult about the transaction, but the said defendants, Frank Franckowiak and Francizka Franckowiak, told her that she didn't need any one, and that everything was being done for your oratrix' benefit. * * * That when your oratrix asked the defendant, Marion A. Figinski, questions in Polish concerning the aforesaid transaction, the defendants, Frank Franckowiak and Francizka Franckowiak, would interrupt her and speak English to the defendant, Marion A. Figinski, so that your oratrix could not understand the conversation. * * * That the aforesaid pretended conveyance was made without any valid consideration. * * * That the execution of the aforesaid assignment from your oratrix to the said defendant, Marion A. Figinski, was procured by the exercise of fraud and various false representations as to the nature and purpose of said paper writing, the defendants not only taking advantage of the illiteracy, ignorance and senility of your oratrix, but by actually representing to your oratrix that the purpose of the said assignment was to secure a good home for your oratrix as long as she might live. * * * That your oratrix had no knowledge of this pretended conveyance, which was never explained to her, nor did she desire that it be made."

To that bill the several defendants interposed a demurrer, which the court, by its order of December 4th, 1925, overruled, and this appeal is from that order.

The appellants contend that the bill is bad, first because it is multifarious, and, second, because while it charges fraud it states no facts from which fraud may be inferred.

The first objection rests on the theory that there is no privity between the building association and the Franckowiaks, and that the appellee's case against it is separate and distinct from her case against them. But there is no force in that contention, because it is obvious from the allegations of the bill, which the demurrer admits, that the mortgage and the conveyances were part of a single scheme or design,

in which Figinski, the attorney for the building association,
participated. We cannot, of course, say, as a matter of fact,
that that is true, and we are not to be understood as deciding
as a matter of fact that Mr. Figinski was guilty of any mis-
conduct, for we are dealing solely with the case made by the
bill, which the demurrer concedes to be true. But if it is
true, Figinski must have known that the deed to him was a
fraud, and the building association, when it took a mortgage
purporting to be from the appellee, but which she had never
executed, without any consideration moving to her, at least
took it subject to her equities; and while the bill fails to aver
with sufficient precision facts which would justify us in im-
puting to the building association the knowledge which Figin-
ski had of the fraud perpetrated upon the appellee, yet the
fact that its rights depend upon the title of the Franckowiaks
to the property, and that, if that falls, the mortgage falls
too, if the building association had or should have had knowl-
edge of the defect in their title, makes it proper to join it as
a defendant in this case. It is conceded by the demurrer
that the appellee did not execute the mortgage; the fact that
what purported to be her signature was a mark only, implied
that she was either infirm or illiterate; and it is further
conceded that she knew nothing about the execution of the
mortgage until her attention was called to it by friends and
neighbors after it was made. Under such circumstances she
could not be bound by it, and the extent of the building
association's rights in her property must therefore be meas-
ured by the extent of the interest of the Franckowiaks there-
in, and it has therefore a direct and present interest in a suit
brought to strike down those rights. The rule defining multi-
fariousness is, we think, correctly stated in Mr. Miller's use-
ful and valuable work on Equity, par. 110, in the following
form: "In a somewhat broader aspect of the rule, it is held
that the objection of multifariousness ought only to apply
where the case of each defendant is entirely distinct from
that of the other defendants; and it is not indispensable that
all the parties should have an interest in all the matters

contained in the bill. It will be sufficient if each party have an interest in some material matters in the suit and that they are connected with the others." And, under General Equity Rule 30, to escape the objection of multifariousness it is only necessary that "sufficient grounds" appear for joining several causes of action or parties plaintiff or defendant to justify the inference that the joinder will promote the convenient administration of justice.

. Nor do we find any serious difficulty in disposing of the second objection. It is axiomatic that where fraud is relied upon either as a cause of action or a defense, facts sufficient to justify the inference that it exists must be definitely and specifically stated. But it is equally well settled that it is not necessary to go beyond that, and state the evidence by which those facts are to be established. *Miller's Equity,* par. 93. Applying that rule to the facts admitted by the demurrer, they are in our opinion sufficient to warrant the inference that the conveyances referred to in the bill were procured by fraud exercised and practiced upon the appellee. To recapitulate them, those facts are these: A woman seventy-five years old, illiterate, ignorant of the English language, was taken to a saloon by her god-daughter and her husband, with whom she was on intimate and friendly terms, and there, at a time when the possession of intoxicating beverages under the circumstances was a crime, she was plied with intoxicating liquor; that they were either accompanied by an attorney-at-law, who represented the Franckowiaks, or he met them there; that while there she was asked to execute some paper which was not explained to her and which she could neither read nor understand; that when she asked for an opportunity to consult some one about it, she was told that that was not necessary, because it was for her benefit; that the Franckowiaks and the attorney, in discussing the transaction in her presence, spoke in English, which she could not and did not understand; that at the time she owed the Franckowiaks nothing, but they on the contrary were indebted to her; that the paper which she signed, so far from being for

her benefit, stripped her of the only property she owned and her only source of income and support; that she received no consideration of any kind for it, although she was told that its effect was to secure for her a good home as long as she lived; that afterwards a mortgage was placed on the property by the Franckowiaks, to which her name was signed by what purported to be her mark, although she did not sign it and knew nothing of it, and after the execution of these instruments the Franckowiaks occupied her property without paying her any rent therefor. If those facts are not sufficient to permit a reasonable mind to infer that the conveyances sought to be annulled were procured by fraud, it is not easy to know what facts would be. In *Goodwin v. White*, 59 Md. 507, this Court said: "Where a party is deceived by the substitution of one instrument for another, or whose ignorance is taken advantage of, and he is induced to do one thing when he intends and supposes he is doing another and a different thing, no fraud can be more flagrant, and it is incumbent upon the party alleging such fraudulent conduct to furnish clear proof of the fact." And in *Beinbrink v. Fox*, 121 Md. 104, it said: "It is firmly established as the law of this State, that where an aged parent makes a conveyance to a child, the burden is cast upon the grantee of establishing the fairness of the transaction. And if where confidence is reposed it is abused, courts of equity will grant relief. *Highberger v. Stiffler*, 21 Md. 352; *Todd v. Grove*, 33 Md. 188; *Whitridge v. Whitridge*, 76 Md. 54; *Zimmerman v. Bitner*, 79 Md. 115; *Berger v. Bullock*, 85 Md. 441; *Reck v. Reck*, 110 Md. 497." Certainly if that is true in respect to a conveyance from an aged and infirm parent to a child, it is true all the more with respect to a conveyance from a senile, illiterate, ignorant woman, made without consideration of any kind, under the circumstances of this case, to one not related to her at all.

And since the general rule is that fraud taints and vitiates whatever it touches (18 *C. J.* 227), it follows that the allegations of the bill are sufficient to justify the inference that

the conveyance from the appellee to Figinski, from Figinski to the appellee and the Franckowiaks, and the mortgage from the Franckowiaks, purporting to be signed also by the appellee, to the Polish American Building Association were fraudulent and should be set aside, and the demurrer to the bill was properly overruled. The decree appealed from will, therefore, be affirmed.

*Decree affirmed, with costs.*