# CIRCUIT COURT OF BALTIMORE CITY.

Filed December 28, 1926.

FRANCES MODRAK
VS.
MARION A. FIGINSKI, ET AL.

*Bernard H. Conn* and *Robert E. Kanode* for complainant.

*J. Calvin Carney* and *Marion A. Figinski* for respondents.

FRANK, J.—

This case having now been heard on bill, answer and testimony in open Court presents a situation differing from that considered by the Court of Appeals in its opinion in Figinski vs. Modrak, 134 Atl. Rep. 130. There the case was heard on demurrer to the bill of complaint. Some of the essential allegations of the bill have not been supported by any proof in the hearing recently concluded. A great mass of testimony has been submitted on behalf of the defendants.

First. I have reached the conclusion that whatever burden of proof is imposed upon the defendants by the relationship existing between the plaintiff and the Franckowiak defendants has been met, that the transaction complained of should stand and that so much of the relief prayed for as calls for the setting aside of the two deeds and mortgage herein involved should be denied. In some of its more important aspects this case is much like Grove vs. Todd, 143 Md. 185, in which a deed of like import with those herein involved was upheld.

Second. I find as a fact that the Franckowiaks substantially fulfilled their agreement to care for the plaintiff and that their failure further to perform was caused by the voluntary act of the plaintiff in leaving the common home in order to resume her cohabitation with her husband. While there is much authority for holding that a deed of property, in consideration of grantee's agreement to support the grantor, will be set aside for failure of grantee to fulfill his agreement (18 C. J. 169, Sec. 49), when such failure to perform occurs through no fault of the grantee, no failure of consideration justifying the rescission of the conveyance can arise.

In Flanagan vs. Flanagan, 133 Md. 332, 334, the grantee predeceased the grantor, thus preventing further performance of the agreement to support. The doctrine of constructive fraud arising out of failure to comply with the contract was held to be inapplicable.

The correct rule would seem to be that after a partial performance by the grantee of his agreement to support the grantor, the latter may not abandon the agreement, refuse further performance by the grantee and take advantage of such failure in order to secure the aid of a Court of Equity to cancel or rescind his deed.

18 C. J., Sec. 49, p. 170, cases in note 63.

Note to Williams vs. Langwill, 241 Ill., 441, in 25 L. R. A. (N. S.) 932.

In the present case, the evidence discloses that in addition to the substantial performance of the agreement to look after the grantor by the Franckowiaks, they had, in order to move with the grantor, suffered a substantial loss in the forced sale of their farm and equipment in Carroll County. This would seem to afford an additional consideration for the deed here assailed.

Third. Under the conveyance above mentioned, the plaintiff has a life estate in the Kenwood avenue property. As soon as the arrangement referred to in the testimony ceased to operate she became entitled to possession of the said property. I find that she left the Kenwood avenue house about May 1st, 1925. I shall require the immediate delivery of possession of the property to her and she is entitled to an accounting for the rental value

thereof, less expenses paid thereon from January 1, 1925. The defendants, Franckowiaks, should have until February 1, 1927, to obtain a new home for themselves. They will then be liable for twenty-one months rent for the part of the property occupied by them. They occupied the whole of the second floor and a portion of the first floor. The testimony shows that the rental of the second floor had been $15 per month. I hold, therefore, that they should be charged with rent at the rate of $20 per month.

For twenty-two months this amounts to ...............................$440.00
They are entitled to be credited with the following items:
Bill of Frank Jaworski for stove, etc. ...................$177.00
Bill of Thos. M. Griffith, for spouting, etc. ..............  18.55
Central Fire Insurance Company, for premium.........  5.00
Ground rent paid July 1, 1925, January 1, 1926, and July 1, 1926 ........................  46.89
State and City taxes for 1925  46.94
Water rent for 1925..........  8.00
                                ——— 302.38
                               ————————
Leaving a balance of ............$137.62

I find the defendant, Franckowiak, liable to the plaintiff in that amount. As the testimony is not entirely complete on this point, if this finding should not be acceptable to all parties, I am prepared to refer the matter to the auditor for a further accounting.

Fourth. The Franckowiak defendants shall as between themselves and the plaintiff be liable for the payment of the balance due on the mortgage to the defendant, the Polish-American Building Association, Inc. This is proper, in view of the allowances made to them under paragraph two hereof.

Fifth. The evidence tends to establish a balance of indebtedness for loans made by the plaintiff to the Franckowiak defendants. I do not think that I can give the plaintiff any relief herein therefor. Any decree that I shall pass shall be without prejudice to the further prosecution of plaintiff's claim for the repayment of any such balance.

Sixth. In view of the fact that partial relief only is granted and that only against the Franckowiak defendants, I shall require the plaintiff to pay her own costs and the Franckowiaks to pay all the defendants' costs. The bill

will be dismissed as to the other two defendants without imposing any costs on them.

I shall sign a decree in accordance herewith.