## UNIVERSAL REALTY CORPORATION, INC. *v.* ISAAC W. FELSER, ET AL.

[No. 7, October Term, 1941.]

*Decided November 5th, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*Eldridge Hood Young* with whom were *Samuelson & Robinson* and *Oscar Samuelson,* on the brief, for the appellant.

*Walter C. Mylander,* with whom was *Walter C. Mylander, Jr.,* on the brief, for Issac W., and Harry Felser.

*Wilson K. Barnes, Assistant City Solicitor,* with whom was *Charles C. G. Evans, City Solicitor,* on the brief, for the Mayor and City Council of Baltimore.

MARBURY, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court No. 2 of Baltimore City sustaining demurrers to the amended bill of complaint without leave to amend.

The amended bill of complaint was filed by the appellant-complainant, the Universal Realty Corporation,

against certain individual defendants named Felser, hereinafter called the Felsers, and against the Mayor and City Council of Baltimore and its Buildings Engineer, hereinafter called the City.

The amended bill of complaint recites that the appellant is the owner of two lots of ground in the City of Baltimore, known as lots 906 and 910 Pennsylvania Avenue. 906 Pennsylvania Avenue is improved by a three-story brick building with a store front and 910 Pennsylvania Avenue is improved by a three-story building with a store front, and a one-story brick building in the rear. That since prior to 1869 the three-story brick building on 910 Pennsylvania Avenue had for its southernmost wall a party wall built on the lot abutting thereon on the south, known as 908 Pennsylvania Avenue with a right and easement by virtue of a sub-lease made in 1869, to use the partition wall as it was then used, and to cut into the same for the purpose of inserting a joist or girder.

The bill further alleges that the Felsers are the owners of lot 908 Pennsylvania Avenue, which lies between 906 and 910 Pennsylvania Avenue. That in July, 1940, the Felsers tore down a portion of the building or improvements erected on lot 908 without underpinning or protecting the buildings of the appellant on 906 and 910 Pennsylvania Avenue, and thereby injured and damaged the buildings and improvements of the appellant in certain respects enumerated. Included in the damage was leaving the building at 910 exposed to the elements and removing two chimneys in the partition wall used by 910. The appellant demanded of the Felsers that the party wall standing on lot 908 be restored and rebuilt so as to support and continue the southermost wall of 910 as it had been used for more than fifty years, but this the Felsers neglected and refused to do.

The bill further alleges that thereafter on the ninth day of August, 1940, the City notified the appellant that it was violating the Building Code and that it must erect a brick wall three stories high between 908 and 910,

and thereafter on September 9th, 1940, the City notified the appellant that within ten days thereafter, the City would make the premises 910 safe and secure in whatever way it might be necessary to do so at the expense and cost of the appellant. This the appellant alleges is in violation of its right in its property and is an attempt to take its property without due process of law, in that the said party wall stands upon the land of the Felsers, and that it is the appellant's right to have the wall rebuilt and restored by the Felsers and not to have the same constructed by the City, and the cost thereof assessed against the appellant.

The prayers of the bill are that the Felsers by mandatory injunction be ordered to protect, restore, and erect the three-story party wall, and to replace the other damage enumerated to 906 and 910 Pennsylvania Avenue and that the Felsers and the City be restrained from rebuilding the three-story party wall, except to restore it in such manner as it has been used, occupied, and enjoyed as the southernmost wall of 910 Pennsylvania Avenue, and for the support and protection of the building erected thereon; that the rights of all parties in the case, in and to the buildings walls, and party walls now standing on 906, 908, and 910, be ascertained, determined and enforced by the court and for further relief.

The City demurred on the ground that its duty was to protect public safety and that it had no interest in any dispute between the appellant and the Felsers, and that if the appellant suffered any injury by any action of the City, or if the costs and expenses of protecting the public from the unsafe party wall, could not be charged against the appellant or its property, the appellant had every oportunity to present its contention pursuant to the administrative provisions of the Building Code of Baltimore City, and that the appellant has failed to exhaust its remedies provided by Article 3, sec. 9 of the Baltimore City Code of 1927 and by Article 3, sec. 14, Para. 18 of said Code. As a further ground of demurrer the City said that the bill of complaint was multifarious in that

it set forth two separate and distinct causes of action, one against the Felsers for their alleged acts or omissions, and one against the City for its wrongful proceedings. Another ground is that the bill fails to disclose any irreparable loss, injury, or damage. The Felsers demurred, setting up, in a little different form, the same contentions as those made by the City and stating that if the appellant has any rights, they are enforcible in a Court of Law.

The defense of multifariousness is technical at best, and should be invoked only when there may be real difficulty in answering the bill. The question is one largely in the discretion of the Court, and each case is different. There are, however, some guides. One of these is General Equity Rule 30. The part of that Rule applicable to the present case is "if there be more than one defendant the liability must be one asserted against all of the material defendants, or sufficient grounds must appear for uniting the causes of action in order to promote the convenient administration of justice."

The rule defining multifariousness set out in *Miller on Equity* was recently approved by this Court in the case of *Figinski v. Modrak,* 151 Md. 140, 134 A. 130, 131. That rule, as so stated and approved, is in part as follows: "* * * it is not indispensable that all the parties should have an interest in all the matters contained in the bill. It will be sufficient if each party have an interest in some material matters in the suit and that they are connected with the others."

In *Wlodarek v. Wlodarek,* 167 Md. 556, 175 A. 455, 459, the subject was discussed and this Court speaking through Judge Parke said: "It is not necessary that every defendant has an interest in all the matters contained in the bill, provided that every defendant has an interest in some material matters in the suit and that they are connected with the others."

Testing the bill of complaint in the case before us by these guides, it appears that the focal point of the difficulty is the rebuilding of the wall, which the appellant alleges should be restored in such a way as to preserve its

rights. The City has a material interest in the restoration, because it has the public duty of seeing that the wall, when rebuilt, is safe. The convenient administration of justice would require an equity court to take jurisdiction over all three parties in order to determine their respective rights and duties in one action.

Nor does the fact that it is claimed that the complainant has an adequate remedy of law against each of the defendants afford any ground for a refusal by the equity court to take jurisdiction.

In this case injunctions are asked for, and it comes squarely within the provisions of Section 92 of Article 16 of the Annotated Code, which provides:

"No court shall refuse to issue a mandamus or injunction on the mere ground that the party asking for the same has an adequate remedy in damages, unless the party against whom the same is asked shall show to the court's satisfaction that he has property from which the damages can be made, or shall give a bond in a penalty to be fixed by the court, and with a surety or sureties approved by the court, to answer all damages and costs that he may be adjudged by any court of competent jurisdiction to pay to the party asking such mandamus or injunction by reason of his not doing the act or acts sought to be commanded, or by reason of his doing the act or acts sought to be enjoined, as the case may be."

The purpose of this statute was stated in *Frederick County Nat. Bank v. Shafer*, 87 Md. 54, 39 A. 320, 321, in the following language: "The statute was intended to reach the class of cases in which injunction or mandamus had been refused because the plaintiff could be compensated in damages in suits at law." See also *Michael v. Rigler*, 142 Md. 125, 120 A. 382.

Whatever may be the fact, there has been no showing by the defendants in the case that they have property from which damages can be made nor have they given bond as provided by the statute. The statute was not intended to be applicable on demurrer, but only after such hearing as might make it appear to the court that

the defendants, in a given case, could respond to damages, or could give a bond, and that such relief would be adequate. The burden is on the defendants in this respect. It may very well be that the Felsers are financially able to respond in damages, or can give the proper bond, but there is nothing in the record before us to show that this is the case. In the absence of such a showing, relief should not be refused on the ground that the appellant had an adequate remedy of law.

A less technical, but no more substantial reason, is that a remedy in damages against the Felsers would not be adequate. Under the allegations of the bill, the appellant is entitled to have erected on the Felsers' land a wall, to which it can attach its building in such a way as to give it support, and it is further entitled to the use of certain chimneys in the wall. The tearing down of the supporting wall has left the appellant with a building, the use of which is seriously impaired, if not entirely destroyed. Even should it obtain damages in a law suit, it would still be obliged to build another wall on its own land, which would restrict the size and perhaps the usefulness and value of its building for the future. We do not think that the remedy in damages against the Felsers is adequate.

The City has a different theory of an adequate remedy against it. It claims that under certain provisions of the Baltimore City Code, Article 3, Section 9, Paragraphs 1 and 2, the appellant may have arbitrators appointed, and that it should have exhausted these administrative remedies before proceeding in equity.

It is true that where the legislature has conferred upon certain tribunals authority to decide specific questions, resort should generally be had to such tribunals, and the remedies given exhausted before recourse is had to the courts. *Williams v. Tawes*, 179 Md. 224, 17 A. 2nd 137, 132 A. L. R. 1105; *Stark v. Christie*, 179 Md. 276, 19 A. 2nd 716. The administrative remedy suggested, however, is not adequate, because, even if by its use, the appellant should be relieved of a lien against its property for the construction of the wall, it could not be assured

that a safe wall, when built, would also take care of its rights in it. The City is not interested in the questions between the appellant and the Felsers, and its requirements are satisfied if the walls are safe. The arbitrators could not consider any question involving the respective rights of the appellant and the Felsers, and the result might be that the City would compel the Felsers to build a safe wall on their land at their own expense, and then afterwards, the Felsers might have to rebuild or remodel it so as to take care of the appellant.

It is obvious that the rights of the complainant against the Felsers and the City could be determined in one proceeding by a court of competent jurisdiction to decree against both defendants, if it should find the allegations of the bill of complaint sustained by the evidence, so that the wall, when built upon the Felsers' land, at their own expense, would not only be safe from the standpoint of the public, but would also take care of any rights the appellant might have with respect to it.

A somewhat similar case is that of *Putzel v. Drovers' & Mechanics' Bank*, 78 Md. 349, 28 A. 276, 279, 22 L. R. A. 632, 44 Am. St. Rep. 298. In that case the bank was about to tear down a party wall, which was located on Putzel's land, and which was one of the walls of the latter's home. He filed a bill for an injunction to prevent this from being done. His rights in the wall had existed for many more than twenty years, and this Court held that under these circumstances, he had a prescriptive title to the use of it in the manner in which he had enjoyed it, and that while the bank was permitted to improve its property, it must not infringe on Putzel's rights. This Court said that the right of the bank to take down the wall was not absolute. It was bound to finish it at its own expense, and to allow Putzel the same right of support he had in the old wall. For failure to do these things, it would be liable for an action at law, but that a court of equity had jurisdiction of the case and "* * * it was proper, according to well-settled principles, to do complete justice between the parties, and thus avoid multi-

plication of suits in the future. It ought to have retained the bill for the purpose of settling and adjudicating any claim which may arise in favor of Putzel against the bank, in accordance with the principles which we have stated."

We have considered this case on the bill of complaint and the demurrers. It appears from the record that a hearing was had on a subsequent petition, and the court refused to enjoin the City from tearing down the wall, but would not determine any of the questions raised by the demurrers. There was no appeal from this order, the sole appeal being from the final order dismissing the amended bill of complaint, without leave to amend. There was filed in the case, nearly two months after the final order, and on the same day as the order of appeal was filed, a petition by the appellant, which has been inserted in the record. These matters are not before us on this appeal, and we refer to them solely because they show that since the date of the decree, the wall has been razed, and the appellant has been charged with the costs, and that the City and the defendants have re-erected the wall without taking care of the appellant's rights. These are matters the court below will have adequate jurisdiction to consider on a hearing in the case, and it can determine what right, if any, the appellant has to have the wall, if already built, altered and changed; and it can further determine whether the costs of building it should be imposed by the City on the appellant.

We think the demurrers should have been overruled, and the defendants required to answer, so that the court below could determine the case on its merits.

> *Decree reversed and cause remanded for further proceedings, the costs below to await the final decree, and to be assessed in accordance therewith, the costs on appeal to the appellant.*